UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS D. GORTON, II and his wife, RHONDA J. GORTON, | |
| Plaintiffs, | No. _____ |
| v. | DEFENDANT CRANE CO.'S NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1442 AND 1446. |
| AIR & LIQUID SYSTEMS CORP., et al., | |
| Defendants. | |

**DEFENDANT CRANE CO.'S NOTICE OF REMOVAL**

Defendant Crane Co. hereby removes this action from the Dauphin County Court of Common Pleas to the United States District Court for the Middle District of Pennsylvania under 28 U.S.C. §§ 1442(a)(1) and 1446 based on federal-officer jurisdiction, and Crane Co. provides the following short and plain statement of the grounds for removal:

1. On May 17, 2017, Plaintiffs filed their Complaint in the Dauphin County Court of Common Pleas and served it on Crane Co. on May 25, 2017. *See* a true and correct copy of the Complaint attached hereto as Exhibit "A." In the Complaint, Plaintiffs allege that Mr. Gorton was exposed to asbestos from Defendants' products from April 1959 to June 1962 at the Hunter's Point Naval Shipyard, San Francisco, CA; Long Beach Naval Shipyard, Long Beach, VA; and on board *USS Blue*, DD-744. *See* Ex. A., Paragraph 8(a).

2. On May 25, 2017, Plaintiff, Thomas Gorton, was deposed and testified that he encountered Crane Co. pumps and valves while working as an electrician on board the *USS Blue*

in the U.S. Navy from 1959 to 1962. *See* Relevant Portions of Thomas Gorton's deposition testimony attached hereto as Exhibit "B."

3.      The allegation that Mr. Gorton was exposed to Crane Co. products while serving in the U.S. Navy gives rise to Crane Co.'s federal defense— often referred to as the government-contractor defense. In short, any product that Plaintiffs allege Crane Co. manufactured for or supplied to the Navy (and any product literature, labeling, or warnings that accompanied that product) would be subject to Navy specifications and requirements. Federal officers exercised their discretion regarding whether (1) asbestos was used in the product and (2) whether a warning would accompany the product (and if so, what it would say). Without approval from a federal officer, Crane Co.'s products could not have been used by the Navy.

4.      This notice of removal is timely under 28 U.S.C § 1446(b) and Fed. R. Civ. P. 6(a)(1)(C) because Crane Co. is filing it within 30 days of being served with Plaintiffs' Complaint.

5.      Removal is proper under 28 U.S.C. § 1442(a)(1) where the removing defendant establishes that: (1) the defendant is a person under the statute; (2) the defendant was acting under the direction of a federal officer when it engaged in the allegedly tortious conduct; (3) there is a causal nexus between the plaintiff's claims and the defendant's actions under federal direction; and (4) the defendant has raised a colorable defense based on federal law. *See Mesa v. California*, 489 U.S. 121, 124–25, 129–31, 134–35 (1989). Crane Co. meets all four elements and therefore is entitled to remove this action. Indeed, the United States Courts of Appeals for the Second, Fifth, and Ninth Circuits have all recently held that Crane Co. establishes a colorable federal defense and meets all of the requirements of federal-officer removal based on allegations and evidence nearly identical to those submitted here. *See Cuomo v. Crane Co.*, 771 F.3d 113

(2d Cir. 2014); *Zeringue v. Crane Co.*, 846 F.3d 785 (5th Cir. 2017); *Leite v. Crane Co.*, 749 F.3d 1117 (9th Cir. 2014).

6. On the first element, Crane Co., as a corporation, qualifies as a "person" under the statute. *See Winters v. Diamond Shamrock Co.*, 149 F.3d 387, 398 (5th Cir. 1998).

7. With respect to the second element for federal-officer removal, Crane Co. was acting under the direction of the Navy in the design, manufacture, and sale of its products for and to the Navy. Crane Co. products were designed and manufactured in accordance with precise contracts and specifications approved by the Navy. *See* Affidavit of Anthony D. Pantaleoni ("Pantaleoni Aff."), at ¶¶ 5–6, attached as Exhibit "C"; Affidavit of David P. Sargent ("Sargent Aff."), at ¶¶ 22–32, attached as Exhibit "D." Since the 1950s, the Navy issued Military Specifications (MILSPECs) for various products, including the types of products allegedly manufactured or supplied by Crane Co., and certain MILSPECs required the use of asbestos or asbestos components. *See* Sargent Aff., at ¶¶ 26–27, 32. Compliance with the specifications for equipment to be used on Navy ships was directly monitored by Naval Machinery Inspectors. Sargent Aff. at ¶ 29. And unless Crane Co. products were first determined to be in conformity with all applicable Navy specifications, they could not be installed aboard Navy ships. Sargent Aff. at ¶ 29. Thus, given the Navy's direct and detailed control over the design and manufacture of Crane Co. products, Crane Co. has met this element.

8. In light of the specific direction and strict control of the Navy over the design and manufacture of Crane Co. products detailed above, there exists a strong causal nexus between Plaintiffs' claims and Crane Co.'s actions, thereby meeting the third element. Plaintiffs' claims against Crane Co. depend solely on the actions taken by Crane Co. in accordance and compliance with directions from the Navy.

9.  With respect to the fourth element, Crane Co.'s government-contractor defense is a colorable federal defense to plaintiffs' claims. As set forth in the product-liability, design-defect context by the Supreme Court of the United States in *Boyle v. United Techs. Corp.*, 487 U.S. 500, 512 (1988), the government-contractor defense applies when: (1) the United States approved reasonably precise specifications; (2) the equipment conformed to those specifications; and (3) the supplier warned the United States about the dangers in the use of the equipment that were known to the supplier but not to the United States. *See also Leite*, 749 F.3d at 1123.[1] Crane Co. has a colorable federal defense because, as detailed above, the Navy provided Crane Co. with precise specifications regarding its products and Crane Co. delivered products that conformed to those specifications. Sargent Aff. at ¶¶ 23–32; Pantaleoni Aff. at ¶¶ 5–6. The Navy, as one of the leaders in industrial hygiene state of the art, possessed knowledge regarding the hazards of asbestos equal to or superior to its equipment suppliers, such as Crane Co. *See* Affidavit of Samuel A. Forman ("Forman Aff."), at ¶¶ 21–23, attached as Exhibit "E." The Navy's specifications governed not only the design and construction of Crane Co.'s products, but also the form and content of any labeling, product literature, or warnings supplied with the products. Sargent Aff. at ¶¶ 23–32. The Navy reviewed the proposed product literature and labeling that accompanied equipment and, at its discretion, edited the wording of instructional material and warnings, approving certain warning language and disapproving other language. *See* Sargent Aff. at ¶ 59 & Exhibit K, Doc. 2-8. Thus, Crane Co. has a colorable government-contractor defense.

---

[1] To establish the defense in a failure-to-warn context, the elements are slightly modified to include a showing that (1) the Navy exercised its discretion and approved certain warnings; (2) the defendant provided the warnings required by the Navy; and (3) the defendant warned the Navy about any hazards that were known by it but not by the Navy. *Id.*

10.    As required by Section 1446(a), copies of all process, pleadings, and orders served on Crane Co. are being filed with this notice.

11.    Under Section 1446(d), Defendant Crane Co. is filing written notice of this removal with the Dauphin County Court of Common Pleas, and Crane Co. will serve that notice on counsel of record. *See* a copy of the notice to be filed in state court attached hereto as Exhibit õF.ö

WHEREFORE, Defendant Crane Co. requests that this Court assume jurisdiction over this matter on removal.

Respectfully submitted,

**SWARTZ CAMPBELL, LLC**

_____
Lauren E. Burke, Esq.
I.D. No. 309028
Swartz Campbell, LLC
Two Liberty Place, 28th Floor
50 S. 16th Street
Philadelphia, PA  19102
(215) 299-4282
leburke@swartzcampbell.com
Attorney for Defendant, Crane Co.

Dated: June 23, 2017

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing NOTICE OF REMOVAL was served by U.S. First Class Mail on Plaintiffs' counsel and electronically served, upon all counsel of record, on this 23rd day of June 2017.

                                        **SWARTZ CAMPBELL, LLC**

*[signature]*

Lauren E. Burke, Esq.
I.D. No. 309028
Swartz Campbell, LLC
Two Liberty Place, 28th Floor
50 S. 16th Street
Philadelphia, PA  19102
(215) 299-4282
leburke@swartzcampbell.com
Attorney for Defendant, Crane Co.

.

Dated:  June 23, 2017