IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **This Document Relates to:** : | |
| : | |
| RHONDA J. GORTON, Personal Representative : | C.A. No.: 1:17-cv-01110-YK |
| for the Estate of THOMAS D. GORTON, II, : | |
| and in her own right, : | |
| Plaintiff(s), : | |
| : | |
| vs. : | |
| : | |
| AIR & LIQUID SYSTEMS CORPORATION, : | ASBESTOS CASE |
| as successor by merger to BUFFALO PUMPS, : | |
| INC., *et. al.*, : | |
| : | |
| Defendants. : | |
| : | |

# ORDER

AND NOW, this ____ day of _____, 2018, upon consideration of the motion of Air & Liquid Systems Corporation to stay proceedings in this case, it is hereby ORDERED that the motion is GRANTED; it is further ORDERED that the Clerk of the Court shall place this matter on the Civil Suspense Docket pending the United States Supreme Court in *Air & Liquid Systems Corp. v. DeVries,* No. 17-1104 (U.S.).

BY THE COURT:

_____
Joy Flowers Conti, J.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **This Document Relates to:** | |
| RHONDA J. GORTON, Personal Representative for the Estate of THOMAS D. GORTON, II, and in her own right, | C.A. No.: 1:17-cv-01110-YK |
| Plaintiff(s), | |
| vs. | |
| AIR & LIQUID SYSTEMS CORPORATION, as successor by merger to BUFFALO PUMPS, INC., *et. al.,* | ASBESTOS CASE |
| Defendants. | |

## MOTION OF DEFENDANT AIR & LIQUID SYSTEMS CORPORATION TO STAY PROCEEDINGS

For the reasons stated in its accompanying memorandum of law, which it incorporates by reference, Air & Liquid Systems Corporation respectfully moves to stay proceedings in this case pending the United States Supreme Court's resolution of *Air & Liquid Systems Corp. et al. v. DeVries,* No. 17-1104 (U.S.).

Respectfully submitted,

By:   */s/ John A. Fitzpatrick*
John A. Fitzpatrick, Esquire (I.D. No. 20087)
jsh@wlbdeflaw.com
1818 Market Street, Suite 3100
Philadelphia, PA 19103
215-972-2848
Attorneys for Defendant, Air & Liquid Systems Corporation, as successor by merger to Buffalo Pumps, Inc.

| | | |
|---|---|---|
| _____ | : | |
| **This Document Relates to:** | : | |
| | : | |
| **RHONDA J. GORTON, Personal Representative** | : | C.A. No.: 1:17-cv-01110-YK |
| for the Estate of THOMAS D. GORTON, II, | : | |
| and in her own right, | : | |
| Plaintiff(s), | : | |
| | : | |
| vs. | : | |
| | : | |
| **AIR & LIQUID SYSTEMS CORPORATION,** | : | ASBESTOS CASE |
| as successor by merger to BUFFALO PUMPS, | : | |
| INC., *et. al.,* | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION OF DEFENDANT AIR & LIQUID SYSTEMS CORPORATION TO STAY PROCEEDINGS

Defendant Air & Liquid Systems Corporation, as successor-by-merger to Buffalo Pumps, Inc. (collectively, "Buffalo"), respectfully submits this memorandum of law in support of its motion for a stay of all proceedings in this case pending the United States Supreme Court's decision in *Air & Liquid Systems Corp. v. DeVries,* No. 17-1104 (U.S.) ("*DeVries*").

## BACKGROUND

Fact discovery is closed in this matter. Expert discovery continues and is set to close on February 19, 2019, and motions for summary judgment must be filed by March 4, 2019. As the factual record stands, even assuming Thomas Gorton at some point encountered asbestos-containing products in connection with a Buffalo pump, there is no evidence in the record that Buffalo manufactured or supplied those parts.

On May 14, 2018, the Supreme Court granted certiorari to review the Third Circuit's determination in *DeVries*[1] that a products-liability defendant may, at least in some circumstances, be held liable under maritime law for injuries caused by asbestos-containing products that it did not make, sell, or distribute. The

---

[1] *See In Re: Asbestos Products Liability Litigation (No. VI),* 873 F.3d 232, (2017).

Supreme Court now has scheduled argument in the case for October 10, 2018.

## ARGUMENT

If the Supreme Court reverses the Third Circuit and concludes that an equipment manufacturer may not be held liable for injuries allegedly caused by products it neither manufactured nor supplied, then Buffalo would be entitled to summary judgment on the record in this case under the so-called "bare metal" rule. If, conversely, the Supreme Court affirms the Third Circuit in whole or in part, Buffalo's entitlement to summary judgment on that issue could be impacted depending on the specifics and parameters of the Court's decision.[2]

Not only the status of Buffalo's summary judgment arguments, but also the parties' broader case preparation will be directly and significantly impacted by the Supreme Court's decision. For example, the parties currently are in the process of retaining and disclosing experts. The topics the parties ask those experts to address will be directly impacted by the outcome of the Supreme Court's decision. Among many other issues, that decision will determine which products are potential sources of liability, and therefore which products must be evaluated in terms of exposure or causation.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.,* 299 U.S. 248, 254-55 (1936). A court may hold one lawsuit in abeyance to abide the outcome of another which may substantially affect it or be dispositive of the issues. *See American Life Ins. Co. v. Stewart,* 300 U.S. 203, 215 (1937). Further, a stay is appropriate pending the outcome of a potentially dispositive Supreme Court decision. *See, e.g., Stokes v. Rea/Page, Inc.,* 2016 WL 9711699 at *1 (E.D. Pa. Jan. 25, 2016) (granting stay pending potentially dispositive Supreme Court decision that may "affect the viability of the lawsuit" and define the "parameters" of rulings).

---

[2] Because Thomas Gorton never worked on a Buffalo pump itself, nor know if one contained asbestos, Buffalo believes it would be entitled to summary judgment in any event. There is no reason, though, for the parties to brief and the Court to consider Buffalo's grounds for summary judgment serially.

Other federal courts have observed that the applicability of the "bare metal" rule is "an important dispositive issue" in cases such as this. *See McAfee v. 20th Century Glove Corp of Texas*, No. 5:13-cv-6856, Order (E.D. Pa. Feb. 16, 2018) (Exhibit A).  As a result, proceeding with this case, rather staying it pending the Supreme Court's decision in *DeVries,* would threaten both the Court and the parties with the prospect of unnecessary expense, duplication, waste, and uncertainty, with any further decisions, motions, trial, subject to challenges or appeals.  In recognition of such concerns, several cases involving similar allegations of exposure to asbestos from third-parties' products in connection with defendants' equipment supplied for use on Navy ships have been stayed.  *See Boesenhofer v. Aecom*, Civ. No. 2:17-01072-ER, Order (E.D. Pa. June 11, 2018), *Murphy v. Air & Liquid Systems Corp.*, Civ. No. 2:1-03898-ER, Order (E.D. Pa. August 15, 2018), *Fend v. Allen Bradley Company*, Civ. No. 2:17-01701-ER (E.D. Pa. September 28, 2018), (Exhibit B). Similarly, both *DeVries* and its companion case, *McAfee*, were stayed pending resolution of defendants' petitions for certiorari.  A similar stay would protect the Court and the parties here from the prospect of unnecessary burden, expense and waste of resources.

## CONCLUSION

For the foregoing reasons, Buffalo respectfully requests that the Court stay proceedings in this case pending the Supreme Court's decision in *DeVries.*

        Respectfully submitted,

        **WILBRAHAM, LAWLER & BUBA**

By:    ___/s/  John A. Fitzpatrick_____
       John A. Fitzpatrick, Esquire (I.D. No. 20087)
       jsh@wlbdeflaw.com
       1818 Market Street, Suite 3100
       Philadelphia, PA 19103
       215-972-2848
       Attorneys for Defendant, Air & Liquid Systems Corporation, as successor by merger to Buffalo Pumps, Inc.

Dated:   September 28, 2018

## CERTIFICATE OF SERVICE

      I hereby certify that I have on this day served a copy of the above and foregoing by electronic means via the CM/ECF to those registered with the CM/ECF.

                                                                              /s/ John A. Fitzpatrick
                                                                         John A. Fitzpatrick, Esquire

Date:    September 28, 2018