IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RHONDA J. GORTON, Personal Representative for the Estate of THOMAS D. GORTON, II, and in her own right, | : : : : : | No. 1:17-cv-01110-JFC |
| Plaintiff, | : : | ASBESTOS CASE |
| v. | : : | |
| AIR & LIQUID SYSTEMS CORP., et al., | : : | |
| Defendants. | : | |

### DEFENDANT FORD MOTOR COMPANY'S
### REPLY BRIEF IN SUPPORT OF FORD'S
### MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

Defendant Ford Motor Company ("Ford") submits this Reply Brief in Support of Ford's Motion to Dismiss Plaintiff's Amended Complaint ("Motion to Dismiss")(ECF No. 302, filed August 10, 2018). Plaintiff's Opposition to the Motion to Dismiss ("Plaintiff's Opposition") (ECF No. 325, Filed October 22, 2018) fails to address the pleading deficiencies in the Amended Complaint, but instead improperly proffers misrepresentations of fact in support of Plaintiff's Opposition to the Motion to Dismiss. To the extent Plaintiff seeks to convert Ford's Motion to Dismiss to a motion for summary judgment pursuant to Fed. R. Civ. P. 12(d), Ford requests a reasonable opportunity to fully respond and present factual information that is pertinent to Plaintiff's Opposition.

Contrary to Plaintiff's assertion, the Amended Complaint fails to plead that Mr. Gorton was exposed to any Ford product. To survive a motion to dismiss, "a complaint must contain

sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint is facially plausible only if it alleges sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. However, the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678. In ruling on a motion to dismiss, a court may consider only the complaint, attached exhibits, and matters of public record. *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010).

Despite being given ample opportunity to file an amended complaint to correct the inadequate pleading as to Ford, Plaintiff raises no new factual allegations against Ford in her Amended Complaint that are sufficient to place Ford on notice of the claim against it. Contrary to assertions in Plaintiff's Opposition, nowhere does the Amended Complaint allege that Mr. Gorton was exposed to any asbestos-containing Ford product, nor does it allege that Mr. Gorton performed any brake work using Ford products or on Ford vehicles. In the absence of pleading such allegations, Plaintiff's Amended Complaint fails to state a claim for relief against Ford that is plausible on its face. In her Opposition, Plaintiff makes inaccurate factual representations to the Court regarding Mr. Gorton's 2017 deposition testimony. Plaintiff also improperly asserts that Ford should be obliged to fill the pleading gaps by inferring Plaintiff's allegations against Ford from Mr. Gorton's testimony. This is not the standard for pleading sufficiency under the Federal Rules of Civil Procedure. *See* Fed R. Civ. P. 8(a); *Iqbal*, 556 U.S. at 678 (2009) (Fed. R. Civ. P. 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.")(citing *Papasan v. Allain*, 478 U.S. 265, 296 (1986)); *Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level").

Moreover, Plaintiff's misrepresentations regarding Mr. Gorton's exposure testimony cannot be accepted as true, nor should such pleading be tolerated.

Mr. Gorton was deposed only a few days after the original Complaint was filed, and more than year prior to the filing of the Amended Complaint.  Plaintiff could have attached Mr. Gorton's deposition testimony to the Amended Complaint, thereby placing the testimony within the purview of both the Court and Ford for purposes of the evaluating the sufficiency of Plaintiff's allegations, but did not do so.  No other depositions have been taken in this case and discovery is now closed.  Ford respectfully suggests that Plaintiff did not append Mr. Gorton's testimony to the Amended Complaint and did not state more specific allegations against Ford in the Amended Complaint because Mr. Gorton's own testimony does not support a cause of action against Ford.

Should the Court determine that Plaintiff's Opposition converts Ford's Motion to Dismiss to a motion for summary judgment, Ford requests a reasonable opportunity to fully respond and present factual information that is pertinent to Plaintiff's Opposition.  This evidence would include Mr. Gorton's own testimony that other than one brake job on a Fiat vehicle, he cannot identify the manufacturer of any vehicle on which he performed any brake work, nor could he recall ever using Ford original equipment brakes.[1]

---

[1] The Court may take judicial notice that Fiat vehicles are not and have never been manufactured by Ford Motor Company.

For the foregoing reasons and all of the reasons set forth in Ford's Motion to Dismiss, the Court should limit its review of the Motion to Dismiss to the allegations set forth in the Amended Complaint and should grant Ford's Motion to Dismiss with prejudice.

                    Respectfully submitted,

                    DUANE MORRIS, LLP

                    By:  /s/ Julie S. Greenberg

                        Sharon L. Caffrey
                        Pa. ID. No. 49519
                        30 South 17th Street
                        Philadelphia, PA 19103-4196
                        (215) 979-1180

                        Julie S. Greenberg
                        Pa. I.D. No. 79697
                        600 Grant Street, Suite 5010
                        Pittsburgh, PA 15219-2802
                        (412) 497-1004

                        *Counsel for Ford Motor Company*

November 2, 2018