## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA (Harrisburg)

| | | |
|---|---|---|
| **RHONDA J. GORTON,** Personal Representative for the Estate of **THOMAS D. GORTON, II**, and in her own right, | ) ) ) ) | Civ. Action No. 1:17-1110 |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| **Air & Liquid Systems Corporation** *As Successor-by-Merger to Buffalo Pumps*, et al., | ) ) ) ) | |
| Defendants. | ) ) ) | |

## OPINION

**CONTI, Senior District Judge**

### I.    Introduction

Plaintiff Rhonda J. Gorton ("Mrs. Gorton"), as a personal representative for the Estate of

Thomas D. Gorton, II, and for herself,[1] filed an amended complaint against defendants Ford Motor

Company ("Ford") and AT&T Corp. among numerous other defendants, alleging the defendants

caused Mrs. Gorton's late husband Thomas D. Gorton, II ("Mr. Gorton") to be exposed to asbestos,

which caused his death. On March 19, 2018, this court dismissed the claims in the original

complaint asserted against Ford and AT&T Corp. because the claims did not satisfy the standards

set forth under Federal Rule of Civil Procedure 12(b)(6). The court rejected the jurisdictional

---

[1]     There are two plaintiffs in this case, i.e., Mrs. Gorton and the estate of Mrs. Gorton's late husband, Thomas D. Gorton, II. Mrs. Gorton is the personal representative of the Estate of Thomas D. Gorton, II. References to Mrs. Gorton in this opinion are intended to refer to Mrs. Gorton in her own right and as the personal representative of her husband's estate.

challenges[2] raised by Ford and AT&T Corp. and permitted Mrs. Gorton to file an amended complaint to address the pleading insufficiencies cited by the court.

Currently pending before the court is Ford's motion to dismiss the amended complaint (ECF No. 302) and AT&T Corp.'s motion to dismiss the amended complaint. (ECF No. 303). Ford and AT&T Corp. each raise the issues of lack of personal jurisdiction and the failure to satisfy the applicable pleading standards. For the reasons set forth in this opinion, the motions to dismiss the amended complaint will be denied with respect to the issue of personal jurisdiction because as explained in the court's opinion dated March 19, 2018, this court has personal jurisdiction over Ford and AT&T Corp. Specifically, at the time those defendants allegedly caused Mr. Gorton's exposure to asbestos, they had consented to the jurisdiction of Pennsylvania courts by registering to do business as foreign corporations in Pennsylvania.

The motions to dismiss will be granted with respect to Ford and AT&T Corp.'s arguments that Mrs. Gorton failed to set forth allegations to show plausibly that Mrs. Gorton is entitled to relief. The requests for certification of an issue for interlocutory appeal will be denied as premature because Ford and AT&T Corp. are being dismissed from the case.

## II.    Procedural History with respect to the pending Motions to Dismiss

On March 19, 2018, this court granted in part and denied in part the motions to dismiss filed by Ford and AT&T Corp.[3] and permitted an amended complaint to be filed. (ECF Nos. 259,

---

[2]    AT&T Corp. and Ford argued under Federal Rule of Civil Procedure 12(b)(2) that this court did not have personal jurisdiction over them. AT&T Corp. argued under Federal Rule of Civil Procedure 12(b)(1) that this court did not have subject-matter jurisdiction over the claims asserted against it.

[3]    Pacific Bell, Nevada Bell, and AT&T, Inc. joined the motion to dismiss with AT&T Corp. (ECF No. 10). The court granted the motion to dismiss with respect to Pacific Bell, Nevada Bell, and AT&T, Inc. because the court was without personal jurisdiction over them. (ECF No. 260.)

260.) On July 9, 2018, Mrs. Gorton filed an amended complaint. (ECF No. 284.) Mrs. Gorton in the amended complaint asserts the following claims:

- Count One—Product Liability against all defendants;

- Count Two—Breach of Implied Warranty against all defendants;

- Count Three—Negligence against all defendants;

- Count Four—Intentional Conduct Fraudulent Concealment against all defendants;

- Count Five—Premises Liability against AT&T Corp., among other defendants (but not Ford); and

- Count Six—Conspiracy against defendants other than Ford and AT&T Corp.; and

- Count Seven—Loss of Consortium against all defendants.

(Id.)

On August 10, 2018, Ford and AT&T Corp. each filed a motion to dismiss the amended complaint and a brief in support of the motion. (ECF Nos. 303, 304.) On October 22, 2018, Mrs. Gorton filed a brief in opposition to each motion to dismiss. (ECF Nos. 334, 325.) On November 2, 2018, Ford with leave of court filed a reply brief.[4] (ECF No. 332.)

On November 6, 2018, the court granted the motion to stay (ECF No. 313) filed by defendant Air & Liquid Systems Corporation pending the Supreme Court of the United State's decision in Air & Liquid Systems Corp. v. DeVries, No. 17-1104. (ECF No. 335.) The court held the case would be stayed with respect to all matters except the motions to dismiss filed by Ford and AT&T Corp. (Id.)

The motions to dismiss having been fully briefed are now ripe for disposition.

---

[4]     On November 2, 2018, Ford filed its reply brief as a brief in support of its motion to dismiss. (ECF No. 332.) On November 6, 2018, Ford refiled its reply brief as a reply brief. (ECF No. 337.)

III.    **Factual Allegations in the Amended Complaint with respect to Ford and AT&T Corp.[5]**

In January 2017, Mr. Gorton was diagnosed with mesothelioma, which was caused by his exposure to asbestos. (ECF No. 284 ¶ 24.) Mr. Gorton was a resident of Pennsylvania when his symptoms began to manifest after many years of asbestos-exposure. (Id. ¶ 1.) On or about March 6, 2018, Mr. Gorton died from respiratory failure caused by mesothelioma. (Id. ¶ 5.)

From the 1950s through the early 2000s, Mr. Gorton breathed air that was contaminated with asbestos dust and fibers shed by asbestos products sold, manufactured, supplied, or distributed upon the premises owned by defendants, including Ford and AT&T Corp. (Id. ¶ 23.) Each defendant has transacted or is transacting business in Pennsylvania. (Id. ¶ 17.) AT&T Corp. first registered to do business in Pennsylvania in 1912 and continues to be registered as a foreign corporation in the state. (Id. ¶18.) Ford owns property in Pennsylvania, first registered to do business in Pennsylvania in 1920, and is currently registered as a foreign corporation in the state. (Id. ¶ 19.)

From 1986 through 1988, Mr. Gorton was employed by AT&T, Inc. and AT&T Communications Inc. (not AT&T Corp.) as a service technician. (ECF No. 284 ¶ 21(f) and (g).) Mr. Gorton installed telephone cable "throughout the AT&T, Inc. Columbus, Ohio location[.]" (Id.) Throughout the relevant time period, Mr. Gorton worked in California, Montana, Nevada, Oregon and Ohio for various telephone companies as a telephone installer, repairman, and technician. (Id. ¶¶ 21(i), 47.) During his employment by the various telephone companies, he was exposed to asbestos-containing bags or pillows manufactured by "AT&T" and "used to plug cable and telephone holes." (Id.) "AT&T" knew or should have known that its bags or pillows contained

---

[5]    In the original complaint, Mrs. Gorton alleged that Ford manufactured and sold asbestos-containing brake shoes, linings, blocks, and pads and other automotive products. (Id. ¶ 11(r).) Those allegations are not set forth in the amended complaint.

asbestos. (ECF No. 284 ¶ 58.) "AT&T[,]" however, did not remove or contain the asbestos or warn Mr. Gorton "of the dangerous and defective condition of…[its] premises brought by the presence of asbestos." (Id. ¶¶ 57, 58.) At the hearing with respect to the motions to dismiss the original complaint held on January 29,2018, counsel for AT&T Corp. represented that in 2010, AT&T Communications Inc. merged into AT&T Corp. (H.T. 1/29/2018 at 14-15, 36.)

According to Mrs. Gorton, Mr. Gorton was exposed to asbestos from automobiles and other products "while maintaining his own personal vehicles and the vehicles of various friends and family members." (ECF No. 284 ¶ 21(k).) Mr. Gorton was exposed to asbestos through his contact with the following asbestos-containing products, among others: brakes, motors, brakes on motors, and asbestos bags or pillows used to plug cable and telephone holes. (Id. ¶ 22.)

Mrs. Gorton alleges that numerous defendants named in the complaint formed a conspiracy to "market asbestos products by unlawful means, including…,…suppressing their knowledge of the dangers of asbestos and of placing into the stream of commerce, without adequate testing or warnings, their asbestos products, which were unreasonably dangerous, ultra hazardous, deleterious, carcinogenic and potentially deadly." (ECF No. 284 ¶ 61.) Mrs. Gorton names at least twenty-three defendants in the conspiracy count of the complaint but does not specifically name Ford or AT&T Corp. or set forth any allegations with respect to those defendants and the alleged conspiracy. (See id. ¶¶ 60-64.)

### IV.     Standard of Review

#### A.  Federal Rule of Civil Procedure 12(b)(2)

A motion to dismiss pursuant to Rule 12(b)(2) challenges the ability of a court to exercise jurisdiction over a party to the dispute. The term "jurisdiction" refers to the power of a court to act and adjudicate concerning the subject matter in a given case. Noxon Chem. Prods. Co. v. Leckie,

39 F.2d 318 (3d Cir. 1930). Because federal courts, unlike their state counterparts, are courts of limited jurisdiction, it is incumbent upon the plaintiff to demonstrate that jurisdiction is appropriate. Tanzymore v. Bethlehem Steel Corp., 457 F.2d 1320 (3d Cir. 1972). "When a defendant raises the defense of the court's lack of personal jurisdiction, the burden falls upon the plaintiff to come forward with sufficient facts to establish that jurisdiction is proper." Mellon Bank (East) P.S.F.S. v. Farino, 960 F.2d 1217, 1223 (3d Cir. 1992). "Once the plaintiff has made out a prima facie case in favor of personal jurisdiction, the defendant 'must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable.' " Id. (quoting Carteret Sav. Bank v. Shushan, 954 F.2d 141, 150 (3d Cir. 1992)). A plaintiff's prima facie showing of the minimum contacts sufficient to establish personal jurisdiction over a defendant "must be based on affirmative proof beyond the pleadings, such as affidavits, testimony or other competent evidence of specific facts[.]" 4 CHARLES ALAN WRIGHT, ARTHUR R. MILLER, ADAM N. STEINMAN, FEDERAL PRACTICE AND PROCEDURE § 1067.6 (4th ed. 2015).

The district court may hold a "quasi-evidentiary hearing that may consist of oral testimony, stipulations, affidavits, deposition transcripts, authenticated documents, answers to interrogatories, and requests for admissions." Id. "[T]he court may apply a preponderance-of-evidence standard or a standard intermediate between the preponderance-of-evidence guideline and a prima facie showing." Id. "If both the plaintiff and the defendant produce supporting evidence and affidavits on the motion,…the plaintiff's prima facie showing will be considered sufficient and the motion to dismiss will be denied, notwithstanding the defendant's presentation of contrary material." Id. In lieu of an evidentiary hearing, "the court must accept the facts the complaint alleges relating to the jurisdiction issue as true, at least to the extent they are uncontroverted by whatever material the defendant submits in support of its motion to dismiss." Id.; Miller Yacht Sales, Inc. v. Smith,

384 F.3d 93, 97 (3d Cir. 2004). If there are factual disputes, "the district court must construe all reasonable inferences that can be drawn from the papers in the plaintiff's favor." WRIGHT, MILLER, & STEINMAN, supra.

**B. Federal Rules of Civil Procedure 8 and 12(b)(6)**

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain a short and plain statement of a claim and show that the pleader is entitled to relief. The pleadings must "provide enough information to put a defendant on sufficient notice to prepare…[a] defense and also ensure that the Court is sufficiently informed to determine the issue.'" Prater v. Am. Heritage Fed. Credit Union, No. 18-CV-5515, 2019 WL 132395, at \*2 (E.D. Pa. Jan. 7, 2019) (quoting Fabian v. St. Mary's Med. Ctr., Civ. Action No. 16-4741, 2017 WL 3494219, at \*3 (E.D. Pa. Aug. 11, 20017)). This essentially means that a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face[,]" i.e., to satisfy the pleading standards under Rule 12(b)(6). Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). In deciding a motion to dismiss, the court is not opining on whether the plaintiff will be likely to prevail on the merits; rather, when considering a motion to dismiss, the court accepts as true all well-pled factual allegations in the complaint and views them in a light most favorable to the plaintiff. U.S. Express Lines Ltd. v. Higgins, 281 F.3d 383, 388 (3d Cir. 2002). While a complaint does not need detailed factual allegations to survive a Rule 12(b)(6) motion to dismiss, a complaint must provide more than labels and conclusions. Twombly, 550 U.S. at 555. A "formulaic recitation of the elements of a cause of action will not do." Id. (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to raise a right to relief above the speculative level"

and "sufficient to state a claim for relief that is plausible on its face." Id. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556).

> The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.. . . Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

(Id.) (quoting Twombly, 550 U.S. at 556) (internal citations omitted).

The Court of Appeals for the Third Circuit has instructed that "a court reviewing the sufficiency of a complaint must take three steps." Connelly v. Lane Constr., Corp., 809 F.3d 780, 876-87 (3d Cir. 2016). The court of appeals explained:

> First, it must "tak[e] note of the elements [the] plaintiff must plead to state a claim." Iqbal, 556 U.S. at 675. Second, it should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679. See also Burtch v. Milberg Factors, Inc., 662 F.3d 212, 224 (3d Cir.2011) ("Mere restatements of the elements of a claim are not entitled to the assumption of truth."(citation and editorial marks omitted)). Finally, "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

Id. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679 (citing Iqbal v. Hasty, 490 F.3d 143, 157-58 (2d Cir. 2007)). A plaintiff must set forth "sufficient factual allegations to raise a reasonable expectation that discovery will reveal evidence" of the elements of the claim for relief. Connelly, 809 F.3d at 789; Trzaska v. L'Oreal USA, Inc., 865 F.3d 155, 162 (3d Cir. 2017).

### III. Discussion

### A. Personal Jurisdiction

Ford and AT&T Corp. each argue that this court is without personal jurisdiction over them. The court previously rejected that argument in its opinion granting in part and denying in part their motions to dismiss the original complaint. The court held that while it did not have specific jurisdiction over AT&T Corp. or Ford, it had general jurisdiction over them because Ford and AT&T Corp. each consented to the general jurisdiction of Pennsylvania courts, including federal courts, when they registered to do business as foreign corporations in the state. The court explained that since 1978, Pennsylvania's long-arm statute, 42 PA. CONS. STAT. § 5301, explicitly provided that qualifying as a foreign corporation in Pennsylvania subjects the registering corporation to the general jurisdiction of Pennsylvania courts. Ford and AT&T Corp. were each registered as a foreign corporation in Pennsylvania at the time Ford, and AT&T Communications Inc, AT&T Corp.'s predecessor in interest, allegedly caused Mr. Gorton's exposure to asbestos. The court on that basis denied the motions to dismiss with respect to the arguments raised under Federal Rule of Civil Procedure 12(b)(2).

The court in support of its decision cited Bane v. Netlink, Inc., 925 F.2d 637, 640 (3d Cir. 1991). The Third Circuit Court of Appeals in Bane held that the district court erred when it concluded that it did not have personal jurisdiction over a corporate defendant who was authorized to do business in Pennsylvania under section 5301. Ford and AT&T Corp. argued, however, that Bane was no longer good law in light of Daimler AG v. Bauman, 134 S.Ct. 746 (2014). This court rejected that argument because the Court in Daimler addressed general jurisdiction via contacts with the forum state and did not abdicate general jurisdiction via consent, which was at issue in Bane. This court explained that since Daimler, the majority of federal courts in Pennsylvania have held Bane is still good law; indeed, since this court issued its opinion on March 19, 2018, at least

five more federal courts in Pennsylvania have held that <u>Bane</u> is good law following <u>Daimler</u>. <u>Youse v. Johnson & Johnson</u>, No. CV 18-3578, 2019 WL 233884, at *4 (E.D. Pa. Jan. 16, 2019); <u>Shipman v. Aquatherm L.P.</u>, No. CV 17-5416, 2018 WL 6300478, at *2 (E.D. Pa. Nov. 28, 2018); <u>Aetna Inc. v. Mednax, Inc.</u>, No. CV 18-2217, 2018 WL 5264310, at *5 (E.D. Pa. Oct. 23, 2018); <u>Mendoza v. Electrolux Home Prod., Inc.</u>, No. 4:15-CV-00371, 2018 WL 3973184, at *3-4 (M.D. Pa. Aug. 20, 2018); <u>Allstate Ins. Co. v. Electrolux Home Prod.</u>, No. 5:18-CV-00699, 2018 WL 3707377, at *5 (E.D. Pa. Aug. 3, 2018). The Superior Court of Pennsylvania in <u>Webb-Benjamin, LLC v. International Rug Group, LLC</u>, 192 A.3d 1133 (Pa. Super. Ct. 2018), relied upon this court's reasoning to conclude that "<u>Daimler</u> does not eliminate consent as a method of obtaining personal jurisdiction[,]" and, therefore, a Pennsylvania court "may exercise general personal jurisdiction" over a foreign corporation registered to do business in the state pursuant to section 5301. <u>Id.</u> at 1138 (recognizing that it was "[g]uided by the reasoning in <u>Bors</u> and <u>Gorton</u>").

With respect to AT&T Corp.'s renewed argument that this court lacks personal jurisdiction over AT&T Corp., the pertinent jurisdictional facts remain the same, i.e., AT&T Corp. was registered as a foreign corporation in Pennsylvania at the time its predecessor in interest allegedly caused Mr. Gorton to be exposed to asbestos and section 5301 explicitly provided that qualification as a foreign corporation in Pennsylvania subjected the foreign corporation to the general personal jurisdiction of Pennsylvania courts. AT&T Corp. did not present a proper basis upon which the court may reconsider its decision that it has personal jurisdiction over AT&T Corp. This court is bound to follow the Third Circuit Court of Appeals' decision in <u>Bane</u>, which remains good law following <u>Daimler</u>. Under those circumstances, AT&T Corp. consented to the general jurisdiction of Pennsylvania courts when it registered to do business as a foreign corporation in Pennsylvania.

AT&T Corp.'s motion to dismiss will, therefore, be denied with respect to its argument asserted under Rule 12(b)(2).

The pertinent jurisdictional facts with respect to whether the court has personal jurisdiction over Ford also remain the same. Ford in 1981 and 1982 was registered as a foreign corporation in Pennsylvania at the time Mr. Gorton testified he worked with Ford products that allegedly contained asbestos. (ECF No. 230-2 at 2, 4-5; ECF No. 254-1 at 1, 4.) Section 5301 at that time provided that registration as a foreign corporation in Pennsylvania subjected the foreign corporation to the general jurisdiction of Pennsylvania courts and Ford continued to be registered as a foreign corporation under that section. Under those circumstances, Ford did not set forth a proper basis upon which the court may reconsider its decision that Ford consented to the general jurisdiction of Pennsylvania courts via its continued registration as a foreign corporation in Pennsylvania. Ford's motion to dismiss the amended complaint under Rule 12(b)(2) will, therefore, be denied.

**B. Arguments raised under Federal Rules of Civil Procedure 8 and 12(b)(6)**

Having determined that this court has personal jurisdiction over Ford and AT&T Corp., the court must address the arguments that the allegations contained in amended complaint do not satisfy Federal Rules of Civil Procedure 8 and 12(b)(6). This court previously granted the motions to dismiss filed by Ford and AT&T Corp. because Mrs. Gorton failed to state plausible claims for relief against those defendants. The court explained that the allegations of the complaint were overwhelmingly conclusory and prevented the court from conducting a choice of law analysis. The court rejected without prejudice Mrs. Gorton's invitation to apply Pennsylvania state law pleading standards to the complaint or consider evidence extrinsic to the complaint to decide the motions to dismiss.

**1.  Whether Mrs. Gorton failed to state a claim against Ford**

Ford in its motion to dismiss the amended complaint argues under Rule 12(b)(6) that it should be dismissed from the case because Mrs. Gorton in the amended complaint failed to state a plausible claim against Ford. Mrs. Gorton in the amended complaint did not set forth any factual allegations with respect to Ford's liability to the Estate of Mr. Gorton; rather, the allegations with respect to Ford's liability are entirely conclusory. The court will not consider the deposition of Mr. Gorton, which was taken after this case was initiated, to determine whether Mrs. Gorton stated a plausible claim for relief by the Estate of Mr. Gorton against Ford. Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir.1993); Lepage's Inc. v. 3M, Civ. Action No. 97-3983, 1997 WL 734005, at *7 n.2 (E.D. Pa. Nov. 14, 2007) (rejecting the plaintiff's request for the court to consider a response to interrogatories in deciding a motion to dismiss, explaining "[i]t would be inappropriate for the Court to consider evidence outside the pleadings, and in this case generated subsequent to the pleadings, in this Motion to Dismiss."). Under those circumstances and for the same reasons the court granted Ford's motion to dismiss the original complaint, Ford's motion to dismiss the amended complaint with respect to the claims of the Estate of Mr. Gorton will be granted. Because the claims of the Estate of Mr. Gorton fail, Mrs. Gorton's claims for loss of consortium must also be dismissed. Kenney v. Ables, 63 N.E.3d 788, 792 (Ohio Ct. App. 2016) ("[A] claim for loss of consortium is derivative in that the claim is dependent upon the defendants having committed a legally cognizable tort upon the spouse who suffers bodily injury."); Robinson v. Delta Int'l Mach. Corp., 274 F.R.D. 518, 524 (E.D. Pa. 2011) (recognized that under Pennsylvania state law, "[a]ny action for loss of consortium is derivative[;] the viability of such a claim depends upon the substantive merit of the injured party's claims").  Ford will be dismissed without prejudice as a party from the amended complaint.

## 2. Whether Mrs. Gorton failed to state plausible claims against AT&T Corp.

AT&T Corp. argues that the amended complaint fails to satisfy the pleading standards set forth in Rules 8(a)(2) and 12(b)(6). Mrs. Gorton's five claims against AT&T Corp. are based upon the following allegations:

> [Mr. Gorton was exposed to asbestos] [t]hrough employment with AT&T Communications Inc., of Ohio, from 1986 through 1988 as a service technician working throughout the AT&T, Inc. Columbus, Ohio location installing telephone cable throughout the entire building.
>
> …
>
> Throughout his employment with the various phone companies, Mr. Gorton was exposed to asbestos containing bags or pillows believed to be manufactured by AT&T used to plug cable and telephone holes[.]

(ECF No. 284 ¶ 21(g) and (i).) This court in its opinion dated March 19, 2018, held that it does not have personal jurisdiction over AT&T, Inc. Mrs. Gorton, therefore, cannot in this court obtain recovery from AT&T, Inc. for owning the building in which Mr. Gorton was allegedly exposed to asbestos. Mrs. Gorton does not allege that AT&T Communications Inc. owned any property on which Mr. Gorton was exposed to asbestos. Count five for premises liability will, therefore, be dismissed against AT&T Corp.

To the extent Mrs. Gorton's claims against AT&T Corp. are based upon Mr. Gorton's exposure to the "asbestos containing bags or pillows[,]" the amended complaint does not specify which "AT&T" entity manufactured or owned the "asbestos containing bags or pillows[.]" (ECF No. 284 ¶ 21(i).) The amended complaint provides that Mr. Gorton worked in a building in Columbus, Ohio that belonged to **AT&T, Inc.** (Id. ¶ 21(g) (emphasis added).) Mrs. Gorton in another paragraph of the amended complaint, i.e., paragraph 21(g), alleges that the building in Columbus, Ohio in which Mr. Gorton worked belonged to "AT&T." (Id. ¶ 47.) Without further clarity, it would be unreasonable for this court to infer that "AT&T" refers to AT&T

Communications Inc.—as opposed to AT&T, Inc., over which this court does not have personal jurisdiction. Thus, Mrs. Gorton failed to state a plausible claim against AT&T Corp. based upon AT&T Communications Inc. manufacturing or owning the "asbestos containing bags or pillows" with which Mr. Gorton allegedly came in contact. (ECF No. 284 ¶ 21(i).) The claims[6] asserted against AT&T Corp., which are based upon "AT&T" manufacturing or owning the "asbestos containing bags or pillow[,]" i.e., counts one through four of the amended complaint, will be dismissed. Because Mrs. Gorton did not set forth a plausible claim for relief against AT&T Corp., she would not be entitled to loss of consortium against AT&T Corp. Kenney, 63 N.E.3d at 792; Robinson; 274 F.R.D. at 524. Count seven for loss of consortium must also be dismissed with respect to AT&T Corp.

AT&T Corp. in its motion to dismiss also argues that "the exclusivity provision of Ohio's Workers' Compensation Act bars Mrs. Gorton's claims against AT&T."[7] (ECF No. 303 at 8.) Mrs. Gorton argues that this court ruled upon that issue in its prior opinion. The court in its prior opinion held that the exclusivity provision of a workers' compensation law is not a jurisdictional issue in a lawsuit. (ECF No. 259 at 32 n.7.) The court explained that to the extent the exclusivity provision

---

[6]    Mrs. Gorton in count six for "conspiracy" does not set forth any allegations against AT&T Corp. or AT&T Communications Inc.

[7]    Whether a claim falls within the exclusivity provisions of a workers' compensation law and should be dismissed from a lawsuit may be raised at the motion to dismiss stage. Winterberg v. Transportation Ins. Co., 72 F.3d 318, 326 (3d Cir. 1995) (applying Pennsylvania substantive law and affirming the district court's decision granting the defendant's motion to dismiss because the claims "asserted…[were] within the exclusive jurisdiction of the workmen's compensation scheme"); Spangler v. Sensory Effects Powder Sys., Inc., No. 3:15 CV 75, 2015 WL 1505766, at *5 (N.D. Ohio Apr. 1, 2015) (applying Ohio substantive law and granting the defendant's Rule 12(b)(6) motion to dismiss under the exclusivity provisions of the workers' compensation law because the plaintiff-employee did "not set forth facts allowing the Court to draw reasonable inferences that the [defendant-employers]… deliberately intended to injure" him).

of a workers' compensation law is an affirmative defense, the issue may be raised in a Rule 12(b)(6) motion to dismiss, but the defense must be "'apparent on the face of the complaint[.]'" (Id. (quoting Guidotti v. Legal Helpers Debt Resolution, L.L.C., 716 F.3d 764 (3d Cir. 2013).) In other words, if it is apparent from the face of a complaint that a claim would be barred by an exclusivity provision of a workers' compensation law, that claim would be subject to dismissal under Rule 12(b)(6). (Id.)

As stated above, Mrs. Gorton did not state plausible claims for relief against AT&T Corp. based upon the ownership of the building in Columbus, Ohio or the asbestos-containing pillows or bags to which Mr. Gorton was allegedly exposed. It is unclear whether Mrs. Gorton intended to state a claim against AT&T Corp. based upon its predecessor, AT&T Communications Inc., employing Mr. Gorton at the time he was allegedly exposed to asbestos. In any event, that kind of claim may be barred by the exclusivity provision of the workers' compensation laws of Ohio. See OHIO REV. CODE § 4123.75. The court at this stage is not ruling on the issue, however, because: (1) it is unclear from the amended complaint whether Mrs. Gorton intended to state a claim against AT&T Corp. based upon Mr. Gorton's employment by AT&T Communications Inc. at the time he was allegedly exposed to asbestos; and (2) the choice of law issue[8] with respect to the exclusivity provisions of Pennsylvania and Ohio law was not *fully* briefed by AT&T Corp. or Mrs. Gorton.

If Mrs. Gorton intends to file a claim based upon Mr. Gorton's employment by AT&T Communications Inc. at the time he was allegedly exposed to asbestos, a choice of law analysis

---

[8]     The court must apply Pennsylvania choice of law rules. See Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas, 134 S. Ct. 568, 582, (2013) ("A federal court sitting in diversity ordinarily must follow the choice-of-law rules of the State in which it sits.") (citing Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 494–49 (1941)).

will be necessary for the court to decide whether Mrs. Gorton's claims against AT&T Corp. are barred under workers' compensation laws because the parties did not agree upon the applicable state law and there appears to be a conflict between the workers' compensation laws of Pennsylvania and Ohio.[9] Under Pennsylvania law, "'[e]mployees who are injured at work are limited to the compensation available to them under the…[Pennsylvania Workers' Compensation Act ("PWCA")] and cannot separately sue their employers for personal injury.'" Smith v. Am. Airlines, Inc., No. CV 16-156, 2016 WL 8735710, at *4 (E.D. Pa. Aug. 12, 2016) (quoting Ochs v. Reading Hosp., 647 F. App'x 126, 128 (3d Cir. 2016) (citing 77 PA. CONS. STAT. § 481(a).)). Injuries for "occupational disease," e.g., cancers related to exposure to asbestos, are covered by the PWCA's exclusivity provision. Id. There are, however, exceptions to the exclusivity provision of the PWCA. For example, "'the PWCA provides that 'whenever occupational disease is the basis for compensation, ... it shall apply only to disability or death resulting from such disease and occurring within three hundred weeks after the last date of employment.'" Smith, 2016 WL 8735710, at *5 (quoting 77 Pa. Cons. Sat. § 411(2).)) The PWCA does not provide an exception for claims based upon an employer's intentional conduct, i.e., an employee cannot separately sue its employer for injuries caused by the employer's intentional conduct. Winterberg v. Transp. Ins. Co., 72 F.3d 318, 322 (3d Cir. 1995) (citing Poyser v. Newman, 522 A.2d 548 (Pa. 1987)).

Under Ohio law, "[g]enerally, 'actions for injuries sustained in the course of employment must be addressed within the framework of Ohio's workers' compensation statutes.'" Roberts v. RMB Ents., Inc., 967 N.E.2d 1263, 1270 (Ohio Ct. App. 2011) (quoting Rijo v. Reading Rock, Inc., Civ. Action No. 2007-09-223, 2008 WL 2635523, at *2 (Ohio Ct. App. July 7, 2008)). There

---

[9]     Ohio law is implicated in this case because Mr. Gorton allegedly worked for AT&T Communications Inc. in Columbus, Ohio at the time he was allegedly exposed to asbestos and Mrs. Gorton alleges that AT&T Communications Inc. was in Ohio. (ECF No. 284 ¶¶ 21(f)-(g).)

exists an exception to the general rule; "when an employer's conduct is sufficiently egregious to rise to the level of an intentional tort an employee may institute an intentional-tort claim against his employer under R.C. 2745.01, Ohio's Employer Intentional Tort statute." Id. Neither party cited to any exception under Ohio law that permits employees to sue their employers for injuries, e.g., occupational diseases, that occur more than three hundred weeks after the last day of employment.

Under those circumstances, there is a conflict between Pennsylvania and Ohio workers' compensation laws. Caldwell v. Peterburg Stone Co., No. 02 CA8, 2003 WL 21443746, at*4 (Ohio Ct. App. June 7, 2003) ("Since it does appear, given the Pennsylvania Supreme Court's interpretation of that state's workers compensation law in Poyser, that Ohio and Pennsylvania law are conflicted, choice of law analysis must be addressed in this case."). If Mrs. Gorton seeks leave to file a third amended complaint against AT&T Corp. and AT&T Corp. opposes that motion because of the exclusivity provision of a workers' compensation law, AT&T Corp. and Mrs. Gorton must each fully address which state law the court should apply to the claims asserted against AT&T Corp. At this stage of the proceedings, however, the allegations of the amended complaint are insufficient for the court to discern any plausible claim against AT&T Corp. based upon AT&T Communications Inc. employing Mr. Gorton at the time he was allegedly exposed to asbestos. AT&T Corp. will, therefore, be dismissed without prejudice as a party from the amended complaint.

III.    **Conclusion**

This court has personal jurisdiction over Ford and AT&T Corp. because they consented to the general jurisdiction of this court by registering as foreign corporations with the state of Pennsylvania and continued to be registered as foreign corporations with the state of Pennsylvania when they allegedly caused Mr. Gorton's exposure to asbestos.

The motions to dismiss will be denied with respect to the arguments raised under Rule 12(b)(2).

Mrs. Gorton, however, did not set forth factual allegations sufficient against AT&T Corp. or Ford to satisfy the pleading standard of Rule 8. The motions to dismiss will be granted without prejudice with respect to the arguments raised under Rules 8 and 12(b)(6). If Mrs. Gorton in good faith believes she can cure the pleading deficiencies explained in this opinion, then within fourteen days of the stay being lifted in this case she may file a motion for leave to file a second amended complaint.

An appropriate order will be entered.

BY THE COURT,

Dated: February 20, 2019
/s/ JOY FLOWERS CONTI
Joy Flowers Conti
Senior United States District Judge