IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA (Harrisburg)

| | |
|---|---|
| **RHONDA J. GORTON,** Personal Representative for the Estate of **THOMAS D. GORTON, II**, and in her own right,<br><br>Plaintiff,<br>v.<br><br>**Air & Liquid Systems Corporation** *As Successor-by-Merger to Buffalo Pumps*, et al.,<br><br>Defendants. | Civ. Action No. 1:17-1110 |

## MEMORANDUM OPINION

### I. Introduction

Pending before the court in this asbestos action is a motion for leave to file a second amended complaint (ECF No. 351) filed by plaintiff Rhonda J. Gorton ("Mrs. Gorton"), as a personal representative for the Estate of Thomas D. Gorton, II, and for herself.[1] Mrs. Gorton seeks leave under Federal Rule of Civil Procedure 15(a) to file a second amended complaint to cure the pleading deficiencies in the complaint and first amended complaint with respect to the claims asserted against defendants Ford Motor Company ("Ford") and AT&T Corp. ("AT&T"). (Id.) This court previously dismissed all claims asserted against Ford and AT&T Corp. because Mrs. Gorton failed to set forth factual allegations sufficient to state plausible claims for relief against those defendants. (ECF Nos. 259, 346.) Ford in its response in opposition to the motion for leave to file a second amended complaint argues that the motion should be denied because

---

[1] There are two plaintiffs in this case, i.e., Mrs. Gorton and the estate of Mrs. Gorton's late husband, Thomas D. Gorton, II. Mrs. Gorton is the personal representative of the Estate of Thomas D. Gorton, II. References to Mrs. Gorton in this opinion are intended to refer to Mrs. Gorton in her own right and as the personal representative of her husband's estate.

Mrs. Gorton does not have any "new exposure information" to cure the pleading deficiencies with respect to Ford. (ECF No. 352 at 1.) AT&T did not file a response in opposition to the motion to leave.

For the reasons set forth in this memorandum opinion, the motion for leave to file a second amended complaint will be denied without prejudice because Mrs. Gorton did not attach to her motion for leave to file a second amended complaint a copy of the proposed second amended complaint. The court, therefore, cannot determine whether she is entitled to relief under Rule 15(a). If Mrs. Gorton wants to file a second amended complaint, on or before December 5, 2019, she must file a renewed motion for leave to file a second mended complaint and attach to the motion a proposed second amended complaint.

## II.     Applicable Law

Federal Rule of Civil Procedure 15(a) provides, in pertinent part, that "[t]he court should freely give leave when justice so requires." "The Supreme Court has instructed that although 'the grant or denial of an opportunity to amend is within the discretion of the District Court,...outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely an abuse of that discretion and inconsistent with the spirit of the Federal Rules.'" Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962) ). The Third Circuit Court of Appeals has explained:

> There are three instances when a court typically may exercise its discretion to deny a Rule 15(a) motion for leave to amend: when "(1) the moving party has demonstrated undue delay, bad faith or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party."

U.S. ex rel. Customs Fraud Investigations, LLC v. Victaulic Co., 839 F.3d 242, 249 (3d Cir. 2016) (quoting U.S. ex rel. Schumann v. Astrazeneca Pharm. L.P., 769 F.3d 837, 849 (3d Cir. 2014)).

The Third Circuit Court of Appeals has a "longstanding amendment rule" that "to request leave to amend a complaint, the plaintiff must submit a draft amended complaint to the court so that it can determine whether amendment would be futile." Fletcher-Harlee Corp., v. Pote Concrete Contractors, Inc., 482 F.3d 247 (3d Cir. 2007). The "failure to submit a draft amended complaint is fatal to a request for leave to amend." Id. (citing Ranke v. Sanofi–Synthelabo, Inc., 436 F.3d 197, 206 (3d Cir. 2006); Ramsgate Court Townhome Ass'n v. West Chester Borough, 313 F.3d 157, 161 (3d Cir. 2002); Lake v. Arnold, 232 F.3d 360, 374 (3d Cir. 2000); Kelly v. Del. River Joint Comm'n, 187 F.2d 93, 95 (3d Cir. 1951) ). "[A] district court need not worry about amendment when the plaintiff does not properly request it." Fletcher-Harlee, 482 F.3d at 252. In other words, "properly requesting leave to amend a complaint requires submitting a draft amended complaint." Id.

Here, Mrs. Gorton did not attach to her motion for leave to file a second amended complaint a copy of the proposed second amended complaint. The motion for leave will, therefore, be denied without prejudice.

### III. Conclusion

Mrs. Gorton's motion for leave to file a second amended complaint (ECF No. 351) will be denied without prejudice. If Mrs. Gorton wants to file a second amended complaint, on or before December 5, 2019, she must file a renewed motion for leave to file a second amended complaint and attach to the motion a proposed second amended complaint. If she fails to do so, the motion will be denied with prejudice.

An appropriate order will be entered.

BY THE COURT,

Dated: November 25, 2019   /s/ JOY FLOWERS CONTI
Joy Flowers Conti
Senior United States District Court Judge

3