IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RHONDA J. GORTON,** Personal Representative for the Estate of **THOMAS D. GORTON, II**, and in her own right, | ) Civ. Action No. 1:17-1110 <br> ) <br> ) <br> ) |
| Plaintiff, | ) |
| v. | ) <br> ) |
| **Air & Liquid Systems Corporation** *As Successor-by-Merger to Buffalo Pumps*, et al., | ) <br> ) <br> ) <br> ) |
| Defendants. | ) <br> ) |

## MEMORANDUM OPINION

Decedent Thomas Gorton ("decedent"), the husband of plaintiff Rhonda J. Gorton ("plaintiff"), developed mesothelioma, allegedly due to his occupational exposure to defendants' asbestos-containing products. Plaintiff brought this lawsuit on behalf of her deceased husband's estate and in her own right. Pending before the court is the Motion to Exclude the Expert Testimony of Plaintiff's Experts Richard Kradin, M.D. and Howard M. Kipen, M.D., MPH (ECF No. 407) filed by defendant Eaton Corporation, as successor-in-interest to Cutler-Hammer ("Eaton"), and the motions filed by defendants Schneider Electric USA, Inc. (ECF No. 412) and Aurora Pump Company (ECF No. 411) to join Eaton's motion to exclude.[1] The court granted those motions to join. The court held a two-day *Daubert* hearing to address defendants' arguments, which began on July 2, 2020 and concluded on July 9, 2020.

---

[1] Defendant Ingersoll-Rand Corporation filed a similar motion to exclude expert testimony (ECF No. 409), which defendants Schneider Electric and Aurora Pump Company also moved to join (ECF Nos. 411 and 412.) As set forth on the record at the *Daubert* hearing held on July 2, 2020, this case has been administratively closed with respect to Ingersoll-Rand Corporation. The court denied Ingersoll-Rand Corporation's motion without prejudice and denied without prejudice the motions to join filed by Schneider Electric and Aurora Pump Company with respect to Ingersoll-Rand Corporation's motion.

Defendants argue that the expert opinions submitted by Dr. Kradin ("Kradin") and Dr. Kipen ("Kipen") are inadmissible under Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), because plaintiff's experts did not use a reliable method and did not rely on any medical or scientific authority showing that defendants' specific products had the capacity to or did in fact cause decedent's mesothelioma. (ECF No. 408 at 7-10.) Defendants specifically argue that plaintiff's experts rely on a theory that "each and every breath" of asbestos is substantially causative of mesothelioma, and that testimony is impermissible under Pennsylvania law, which the parties agree is applicable to the claims at issue. (ECF No. 408 at 10-14.) Defendants rely on the Pennsylvania Supreme Court's decision in *Rost v. Ford Motor Co.*, 151 A.3d 1032 (Pa. 2016), which held that "expert testimony based upon the notion that 'each and every breath' of asbestos is substantially causative of mesothelioma will not suffice to create a jury question on the issue of substantial factor causation." *Rost*, 151 A.3d at 1044 (citing *Betz v. Pneumo Abex LLC*, 44 A.3d 27 (Pa. 2012)). Under Pennsylvania law, "to create a jury question, a plaintiff must adduce evidence that exposure to defendant's asbestos-containing product was sufficiently 'frequent, regular, and proximate' to support a jury's finding that defendant's product was substantially causative of the disease." *Rost*, 151 A.3d at 1044 (applying the test adopted in *Tragarz v. Keene Corp.*, 980 F.2d 411 (7th Cir. 1992)). Defendants assert that the testimony of Kradin and Kipen would be excluded under Pennsylvania's "frequency, regularity, and proximity" test, and does not satisfy either the reliability or fit requirement under Rule 702.

Under *Daubert*, "the district court acts as a gatekeeper, preventing opinion testimony that does not meet the requirements of qualification, reliability and fit from reaching the jury." *Schneider ex rel. Estate of Schneider v. Fried*, 320 F.3d 396, 404 (3d Cir. 2003).

a. **Qualifications**

There was no dispute about the qualifications of Dr. Kradin or Dr. Kipen.

b. **Reliability**

To evaluate reliability under Rule 702, the Third Circuit Court of Appeals has enumerated the following eight factors that a district court may examine: (1) whether a method consists of a testable hypothesis; (2) whether the method has been subjected to peer review; (3) the known or potential rate of error; (4) the existence and maintenance of standards controlling the technique's operation; (5) whether the method is generally accepted; (6) the relationship of the technique to methods which have been established to be reliable; (7) the qualifications of the expert witness testifying based on the methodology; and (8) the non-judicial uses to which the method has been put. *In re Paoli R.R Yard PCB Litigation* (*Paoli II*), 35 F.3d 717, 742 n.8 (3d Cir. 1994). This list of factors is a "convenient starting point," but is "neither exhaustive nor applicable in every case." *Kannankeril v. Terminix Int'l, Inc.*, 128 F.3d 802, 806–07 (3d Cir. 1997). "The evidentiary requirement of reliability is lower than the merits standard of correctness." *Paoli II,* 35 F.3d at 744. "As long as an expert's scientific testimony rests upon 'good grounds, based on what is known,' it should be tested by the adversary process—competing expert testimony and active cross-examination—rather than excluded from jurors' scrutiny for fear that they will not grasp its complexities or satisfactorily weigh its inadequacies." *United States v. Mitchell,* 365 F.3d 215, 244 (3d. Cir. 2004).

With respect to defendants' reliability argument, the court concluded that the experts did not rely on the impermissible 'each and every breath' theory; rather, they based their opinions on the cumulative theory of exposure, also referred to as the "each and every exposure" theory, which has been found reliable by numerous Pennsylvania and federal courts. *See Rost*, 151 A.3d

at 1045 (holding that expert testimony was reliable because it relied on the "'irrefutable scientific fact' that every exposure cumulatively contributes to the total dose (which in turn increases the likelihood of disease)"); *see also Rabovsky v. Air & Liquid Systems Corp.*, Civ. Action No. 10-cv-03202, 2012 WL 252919, at *4 (E.D. Pa. Jan. 25, 2012); *Anderson v. Saberhagen Holdings, Inc.*, Civ Action No. 10-cv-61118, 2011 WL 605801, at *6 (E.D. Pa. Feb. 16, 2011). Dr. Kradin and Dr. Kipen did not testify that a single exposure or single breath of asbestos was a substantial cause of the decedent's mesothelioma, but that each exposure to asbestos, above background levels, cumulatively contributed to the decedent's development of the disease. As more fully set forth on the record, this court determined that the cumulative theory of exposure is reliable based upon both the experts' testimony and the weight of authority.

### c. Fit

The Rule 702 requirement that testimony "will help the trier of fact to understand the evidence or to determine a fact in issue" is referred to as the "fit" requirement. *Schneider*, 320 F.3d at 404.  Fit requires that there be a "connection between the scientific research or test result to be presented and particular disputed factual issues in the case." *In re Paoli R.R. Yard PCB Litigation* (*Paoli II*), 35 F.3d 717, 742 n.8 (3d Cir. 1994). With respect to defendants' fit argument that Pennsylvania's "frequency, regularity, and proximity" test precludes the testimony of Dr. Kradin and Dr. Kipen, the court noted that the experts reviewed, among other things, a transcript of testimony by the decedent concerning his exposure to Eaton's product, as well as other products, and an exposure summary prepared by plaintiff's counsel. Any factual dispute about whether the plaintiff could establish exposure to specific products in issue, as described in the decedent's testimony or the exposure summary, and whether that exposure, if shown, was sufficient to meet the "frequency, regularity, and proximity" test is to be decided by the trier of

fact. For the reasons set forth more fully on the record at the *Daubert* hearing, the arguments raised by defendants go to the weight of the evidence, and defendants will be able to cross examine the experts and introduce evidence to contest the weight of their opinions. The court concluded that there is sufficient connection between the opinions of Dr. Kradin and Dr. Kipen and the disputed factual issues in this case to satisfy the Rule 702 fit requirement.

For the foregoing reasons and as more fully set forth on the record, the motion to exclude expert testimony is DENIED. This ruling is without prejudice for a defendant - in order to assert that there is no genuine dispute of material fact - to raise in a summary judgement motion or at trial an issue concerning the insufficiency of plaintiff's evidence about the frequency, regularity, and proximity of the decedent's exposure to a particular product.

An appropriate order will follow.

July 21, 2020                                                    **IT IS SO ORDERED.**

/s/ JOY FLOWERS CONTI<br>
Joy Flowers Conti<br>
Senior United States District Court Judge