IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RHONDA J. GORTON,** Personal Representative for the Estate of **THOMAS D. GORTON, II**, and in her own right,<br><br>Plaintiff,<br>v.<br><br>**Air & Liquid Systems Corporation**<br>*As Successor-by-Merger to Buffalo Pumps*, et al.,<br><br>Defendants. | Civ. Action No. 1:17-1110 |

## **MEMORANDUM OPINION**

### I.    Introduction

Decedent Thomas Gorton ("decedent"), the husband of plaintiff Rhonda J. Gorton ("Ms. Gorton"), developed mesothelioma, allegedly due to his occupational exposure to defendants' asbestos-containing products. Ms. Gorton brought this lawsuit, which was removed to this court, on behalf of her deceased husband's estate and in her own right. Ms. Gorton reached settlement agreements with many of the defendants in the litigation. On October 6, 2021, default judgment was entered against defendant Warren Pumps, LLC ("Warren Pumps") because it "failed to appear, plead, or otherwise defend" in this case. (ECF No. 527.) Pending before the court is a motion to vacate the default judgment (ECF No. 529) filed by Warren Pumps.

Warren Pumps argues, among other things, that the default judgment should be vacated because Ms. Gorton did not properly serve the amended complaint upon Warren Pumps in accordance with Federal Rule of Civil Procedure 4, and, under those circumstances, the entry of default is void. Ms. Gorton argues in opposition that Warren Pumps was in default at the time Ms. Gorton filed the amended complaint because Warren Pumps did not file a responsive

pleading to the original complaint, and, therefore, service of the amended complaints was not required, pursuant to Federal Rule of Civil Procedure 5(a)(2).

Here, the record before this court shows that: (1) Ms. Gorton for the first time in the amended complaint set forth a a wrongful death claim against defendants, including Warren Pumps; and (2) Ms. Gorton did not properly serve Warren Pumps with either the amended complaint or second amended complaint. Under those circumstances, Federal Rule of Civil Procedure 5(a)(2) required Ms. Gorton to effectuate proper service of the amended complaint upon Warren Pumps (even if Warren Pumps was in default for failing to respond to the original complaint).[1] Based upon the foregoing, and as set forth fully in this opinion, the default judgment entered against Warren Pumps is void and will be vacated. Warren Pumps' motion to vacate the default judgment will be granted.

## II.     Procedural History Relevant to the Motion to Vacate Default Judgment

On June 23, 2017, this diversity action was removed from the Dauphin County Court of Common Pleas to the United States District Court for the Middle District of Pennsylvania. (ECF No. 1.) Mr. Gorton and Ms. Gorton were the plaintiffs and named at least sixty-five defendants in the complaint, including Warren Pumps. (Id. at 1-4.) The following six counts were asserted in the complaint: (1) count I: products liability; (2) count II: breach of implied warranty; (3) count III: negligence; (4) count IV: intentional conduct—fraudulent concealment; (5) count V: premises liability (*against only certain defendants*); and (6) count VI: loss of consortium. (Id.) In the complaint, it was alleged that the defendants caused Mr. Gorton to contract mesothelioma

---

[1]     Ms. Gorton was required to serve Warren Pumps with the amended complaint because it set forth a new claim that was not set forth in the original complaint, i.e., a claim for wrongful death. Fed. R. Civ. P. 5(a)(2). Under those circumstances, the court need not analyze whether Ms. Gorton's service of the original complaint was proper or whether Warren Pumps was in default at the time Ms. Gorton filed the amended complaint. See discussion on page 6 infra.

when he was exposed to asbestos while employed by the defendants. Warren Pumps did not respond to the complaint or otherwise have counsel enter an appearance on its behalf. Ms. Gorton and Warren Pumps dispute whether Ms. Gorton properly served Warren Pumps with the original complaint, and, thus, whether Warren Pumps was in default for failing to respond to the original complaint.

Certain defendants engaged in motions practice with respect to the original complaint, and the court permitted the plaintiffs to file an amended complaint. On or about March 6, 2018, Mr. Gorton passed away. On July 9, 2018, Ms. Gorton filed an amended complaint alleging for the first time that the negligent actions of the defendants, including Warren Pumps, caused Mr. Gorton's death, i.e., Ms. Gorton in the amended complaint for the first time set forth a claim of wrongful death against the defendants.[2] There is no evidence before this court that Ms. Gorton caused the amended complaint to be served upon Warren Pumps.

---

[2] One court has explained:

> "In order to recover in an action for wrongful death, the plaintiff must prove that the death was caused by violence or negligence of the defendant. See 42 Pa.C.S. § 8301(a). Therefore, liability for wrongful death requires a determination that a defendant's negligence caused the death.....

Ruehl v. S.N.M. Enterprises, Inc., No. 1:15-CV-168, 2017 WL 1682569, at *5 (M.D. Pa. Jan. 12, 2017), report and recommendation adopted, No. 1:15-CV-168, 2017 WL 1541814 (M.D. Pa. Apr. 28, 2017). It is recognized in the asbestos context that when the plaintiff dies from his or her mesothelioma injuries after the commencement of an action, a wrongful death claim based upon the death is a "new claim" separate and distinct from claims asserted as survival actions. See e.g., I. Horst et al. v. Union Carbide Corp., et al., No. 15CV1903, 2017 WL 11657237, at *5 (Pa. Com. Pl. June 30, 2017) (recognizing in the asbestos context that a claim for wrongful death that accrues when a plaintiff dies from his or her mesothelioma injuries after the commencement of the action is a "new claim"); see also Kaczorowski v. Kalkosinski, 184 A. 663, 664 (Pa. 1936) (recognizing that a claim for wrongful death is independent of claims asserted on the decedent's behalf); Pisano v. Extendicare Homes, Inc., 77 A.3d 651, 663 (Pa. Super. Ct. 2013) (same).

Here, in count three of the *original* complaint, Ms. Gorton and Mr. Gorton alleged that defendants—including Warren Pumps—were negligent and caused Mr. Gorton to contract mesothelioma. The amended complaint, which was filed after Mr. Gorton passed away, contains

After motions practice by certain defendants with respect to the first amended complaint and the court's resolution of a motion for leave to file a second amended complaint, Ms. Gorton filed a second amended complaint. (ECF No. 422.) The second amended complaint included amendments with respect to defendants in this case other than Warren Pumps and not relevant to the motion currently pending before this court. There is no evidence of record that Ms. Gorton caused the second amended complaint to be served upon Warren Pumps.

On October 6, 2021, Ms. Gorton filed a motion for entry of default judgment. (ECF No. 526.) On the same day, the Clerk of Court entered default judgment in favor of Ms. Gorton and against Warren Pumps because Warren Pumps "failed to appear, plead, or otherwise defend" in this case. (ECF No. 527.) On October 8, 2021, counsel for Warren Pumps first entered an appearance on behalf of Warren Pumps. (ECF No. 528.) On the same day, Warren Pumps filed the pending motion to vacate entry of default. (ECF No. 529.) On November 1, 2021, Ms. Gorton filed a response in opposition to the motion. (ECF No. 540.) On November 10, 2021, Warren Pumps, with leave of court, filed a reply brief in support of the motion. (ECF No. 547.) The motion to vacate entry of default having been fully briefed is now ripe for disposition by the court.

### III. Discussion

**A. Applicable Law**

The issue before the court is whether the default judgement entered against Warren Pumps for failing to respond in this case should be vacated. One court has explained:

> Rule 55(c) of the Federal Rules of Civil Procedure provides that "[f]or good cause shown the court may set aside an entry of default and, if a judgment by default has

---

survival claims, which are the same claims asserted by Mr. Gorton in the original complaint, Ms. Gorton's claims set forth in the original complaint, *and* a new wrongful death claim asserted by Ms. Gorton based upon her husband's death. Based upon the foregoing, the court concludes that the amended complaint contained a *new claim*.

4

been entered, may likewise set it aside in accordance with Rule 60(b)." Pursuant to Fed.R.Civ.P. 60(b)(4), "[o]n motion and upon such terms as are just, the court may relieve a party ... from a final judgment" if "the judgment is void." A default judgment rendered by a court which lacked personal jurisdiction over the defendant is void. Pennoyer v. Neff, 95 U.S. 714, 725–727 (1877). A defendant may challenge the personal jurisdiction of the rendering court by attacking the validity of the service of process. Stranahan Gear Co. v. NL Indus. Inc., 800 F.2d 53, 56–57 (3d Cir.1986). "Service of process refers to a formal delivery of documents that is legally sufficient to charge the defendants with notice of a pending action." Volkswagenwerk Aktiengesellschaft v. Schlunk, 486 U.S. 699, 701 (1988).

O'Donnell v. Shalayev, No. CIV.A.01-4721(JBS), 2004 WL 2958698, at *3–4 (D.N.J. Dec. 22, 2004). With respect to service of process, another court has explained:

> An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950); *see also* Marks Law Offices, LLC v. Mireskandari, 704 Fed. Appx. 171, 177 (3d Cir. 2017) (permitting service by an alternative method where the court was satisfied that the alternative method provided "notice reasonably calculated to apprise interested parties of the pendency of the action and thus satisfied the requirements of the Due Process Clause") (internal quotations and citations omitted).
>
> Federal Rule of Civil Procedure 4(e)(1) permits an individual to be served by "following state law for serving summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed R. Civ. P. 4(e)(1). As this Court sits in Middle District of Pennsylvania, the Pennsylvania Rules of Civil Procedure apply. Pennsylvania Rule of Civil Procedure 404 authorizes, in relevant part, service of original process on an individual outside Pennsylvania "(1) by a competent adult in the manner provided by Rule 402(a); (2) by mail in the manner provided by Rule 403; [or] (3) in the manner provided by the law of the jurisdiction in which the service is made for service in an action in any of its courts of general jurisdiction[.]" Pa. R. Civ. P. 404(1)-(3).

Betances v. AT&T, No. 3:20-CV-2239, 2021 WL 4256293, at *2 (M.D. Pa. Sept. 17, 2021).

### B. Analysis

Warren Pumps argues that the default judgment entered against it must be vacated as void because Ms. Gorton did not properly serve the amended complaint upon Warren Pumps. Like in

5

Betances, this court must apply the Pennsylvania-state service rules in this case because this court sits in Pennsylvania. There is no evidence of record that Ms. Gorton served Warren Pumps with the amended complaint in compliance with the federal rules or Pennsylvania Rule of Civil Procedure 404. Ms. Gorton argues, however, that she was not required to serve the amended complaint upon Warren Pumps because Warren Pumps was in default for failing to respond to the original complaint. Even if the court assumes that (1) Ms. Gorton properly served the original complaint upon Warren Pumps, and (2) Warren Pumps was in default for failing to respond to the original complaint, Ms. Gorton was required under Federal Rule of Civil Procedure 5(a)(2) to serve the amended complaint upon Warren Pumps because Ms. Gorton set forth a new claim for wrongful death against Warren Pumps in that pleading. Rule 5(a)(2) provides: "**No service is required on a party who is in default for failing to appear. But a pleading that asserts a new claim for relief against such a party must be served on that party under Rule 4.**" Fed. R. Civ. P. 5(a)(2) (emphasis added). Ms. Gorton set forth a new claim for wrongful death in the amended complaint and did not properly serve the pleading upon Warren Pumps. See Taylor Farms Cal., Inc. v. Reg'l Source Produce, Inc., No. C 07-05068 JW, 2011 WL 6329914, at *1 (N.D. Cal. Nov. 29, 2011).[3] Under those circumstances, service was not proper, and the default

---

3   The court in Taylor succinctly explained:

   Federal Rule of Civil Procedure 5 requires that a pleading filed after the original complaint "must be served on every party." Fed.R.Civ.P. 5(a)(1)(B). If a party is in default for failing to appear, no service is required on that party. See Fed.R.Civ.P. 5(2). However, "a pleading that asserts a new claim for relief against [a party in default] must be served on that party under Rule 4." Id. Thus, although Rule 5 does allow for service by first-class mail, service of a complaint which states a new claim against a party in default must be made under Rule 4, and not Rule 5. See Emp. Painters' Trust v. Ethan Enters., Inc., 480 F.3d 993, 999 (9th Cir.2007).

Taylor, 2011 WL 6329914, at *1.

judgment entered against Warren Pumps is void. Based upon the foregoing, the motion to vacate default judgment will be granted, the default judgment will be vacated, and Warren Pumps will be given an opportunity to respond to the second amended complaint.

### IV. Conclusion

A default judgment entered against a defendant is void if the court lacked personal jurisdiction over the defendant because the defendant was not properly served with notice of the action. Here, Ms. Gorton asserted a new wrongful death claim in the amended complaint. She did not properly serve the amended complaint upon Warren Pumps. This court, therefore, did not have personal jurisdiction over Warren Pumps when default judgment was entered against it. Under those circumstances, the default judgment was void and Warren Pumps is entitled to relief from that judgment under Federal Rule of Civil Procedure 60(b)(4). The motion to vacate default judgment will be granted and the default judgment will be vacated. On or before January 24, 2022, Ms. Gorton shall cause the service of the second amended complaint upon Warren Pumps in accordance with Federal Rule of Civil Procedure 4. Within 21 days of the date of service, Warren Pumps shall respond to the second amended complaint in accordance with the Federal Civil Rules of Procedure. An appropriate order will be entered.

**BY THE COURT**,

Dated: January 7, 2022

**/s/ JOY FLOWERS CONTI**
Joy Flowers Conti
Senior United States District Court Judge