IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RHONDA J. GORTON,** Personal Representative for the Estate of **THOMAS D. GORTON, II**, and in her own right,<br><br>Plaintiff,<br>v.<br><br>**Gardner Denver, Inc., et al.**,<br><br>Defendants. | Civ. Action No. 1:17-1110 |

# OPINION

### I.  Introduction

Decedent Thomas Gorton ("Mr. Gorton"), the husband of plaintiff Rhonda J. Gorton ("Mrs. Gorton"), developed mesothelioma, allegedly due to his occupational exposure to the asbestos-containing products manufactured by, among others, defendant Gardner Denver, Inc. ("Gardner Denver"). Mrs. Gorton brought this lawsuit, which was removed to this court, on behalf of Mr. Gorton's estate and in her own right. Mrs. Gorton reached settlement agreements with many of the defendants in the litigation.

Currently pending before the court is a motion for summary judgment (ECF No. 569) filed pursuant to Federal Rule of Civil Procedure 56 by Gardner Denver in which Gardner Denver argues, among other things, that Mrs. Gorton filed a notice of voluntary dismissal of this lawsuit with respect to Gardner Denver, and, therefore, there is no legal dispute between Mrs. Gorton and Gardner Denver presently before this court. Mrs. Gorton argues that the alleged notice of voluntary dismissal was only "a statement of an intent to dismiss[,] which was never

consummated…[because] a stipulation of dismissal was…[neither] signed nor filed" with this court. (ECF No. 576 at 1-2.) Mrs. Gorton argues that—in any event—any dismissal of the case against Gardner Denver was *without prejudice*, and, therefore, Mrs. Gorton "may resume the case" against Gardner Denver. (Id. at 2.)

Gardner Denver's argument with respect to the alleged dismissal of Mrs. Gorton's claims against Gardner Denver is an attack on this court's subject-matter jurisdiction over the claims Mrs. Gorton asserted against Gardner Denver in this case. Gardner Denver's arguments, therefore, must be addressed under Federal Rule of Civil Procedure 12(b)(1) rather than Rule 56. As set forth fully in this opinion, Mrs. Gorton, before Gardner Denver filed an answer, filed a notice of dismissal with respect to her case against Gardner Denver. That filing, which was made prior to an answer being filed, automatically and without further action by the court or the parties, rendered the case against Gardner Denver dismissed without prejudice. Under those circumstances, this court is without subject-matter jurisdiction over any dispute between the parties because there is no "case or controversy" between them pending before this court. The motion for summary judgment, construed as a motion to dismiss under Rule 12(b)(1), will be granted to the extent Gardner Denver argues this court is without subject-matter jurisdiction over Mrs. Gorton's claims against Gardner Denver asserted in the second amended complaint. The motion for summary judgment to the extent it raises arguments suited for resolution under Rule 56 will be denied in all other respects.

## II.     Procedural History

On June 23, 2017, this diversity action was removed from the Dauphin County Court of Common Pleas to the United States District Court for the Middle District of Pennsylvania. (ECF No. 1.) Mr. Gorton and Mrs. Gorton were the plaintiffs and named at least sixty-five defendants

2

in the complaint, including Gardner Denver. (Id. at 1-4.) The following six counts were asserted in the complaint: (1) count I: products liability; (2) count II: breach of implied warranty; (3) count III: negligence; (4) count IV: intentional conduct—fraudulent concealment; (5) count V: premises liability (*against only certain defendants not including Gardner Denver*); and (6) count VI: loss of consortium. (Id.) In the complaint, it was alleged that the defendants caused Mr. Gorton to contract mesothelioma when he was exposed to asbestos while employed by the defendants. Gardner Denver did not file an answer to the complaint.

On or about March 6, 2018, Mr. Gorton passed away. Certain defendants engaged in motions practice with respect to the original complaint, and the court permitted the plaintiffs to file an amended complaint. On July 9, 2018, Mrs. Gorton filed an amended complaint alleging for the first time that the negligent actions of the defendants, including Gardner Denver, caused Mr. Gorton's death, i.e., Mrs. Gorton in the amended complaint for the first time set forth a claim of wrongful death against the defendants.[1] Gardner Denver did not file an answer to the amended complaint.

---

[1] One court has explained:

> "In order to recover in an action for wrongful death, the plaintiff must prove that the death was caused by violence or negligence of the defendant. See 42 Pa.C.S. § 8301(a). Therefore, liability for wrongful death requires a determination that a defendant's negligence caused the death.....

Ruehl v. S.N.M. Enterprises, Inc., No. 1:15-CV-168, 2017 WL 1682569, at *5 (M.D. Pa. Jan. 12, 2017), report and recommendation adopted, No. 1:15-CV-168, 2017 WL 1541814 (M.D. Pa. Apr. 28, 2017). It is recognized in the asbestos context that when the plaintiff dies from his or her mesothelioma injuries after the commencement of an action, a wrongful death claim based upon the death is a "new claim" separate and distinct from claims asserted as survival actions. See e.g., I. Horst et al. v. Union Carbide Corp., et al., No. 15CV1903, 2017 WL 11657237, at *5 (Pa. Com. Pl. June 30, 2017) (recognizing in the asbestos context that a claim for wrongful death that accrues when a plaintiff dies from his or her mesothelioma injuries after the commencement of the action is a "new claim"); see also Kaczorowski v. Kalkosinski, 184 A. 663, 664 (Pa. 1936)

On October 16, 2018, the court held a hearing and ordered among other things, that Mrs. Gorton file a notice listing all defendants that it intended to dismiss from the case and to file any stipulations of dismissal with respect to those defendants on or before November 6, 2018. On October 19, 2018, Mrs. Gorton filed a "Letter from Plaintiff *regarding voluntary dismissals*," which provided, among other things:

**DEFENDANTS DISMISSED OR AGREED TO BE DISMISSED**

…

Gardner Denver, Inc.

(ECF No. 322 at 1.) The letter listed 26 other defendants under the foregoing heading and an additional 16 defendants under the heading "**DISMISSALS BEING REVIEWED FOR APPROVAL**[.]" (Id. at 2.) Beginning on October 29, 2018, Mrs. Gorton began filing stipulations of dismissal with respect to certain of the defendants listed in the letter dated October 19, 2018. Mrs. Gorton did not file a stipulation of dismissal with respect to Gardner Denver.

After motions practice by certain defendants with respect to the first amended complaint and the court's resolution of a motion for leave to file a second amended complaint, Mrs. Gorton

---

(recognizing that a claim for wrongful death is independent of claims asserted on the decedent's behalf); Pisano v. Extendicare Homes, Inc., 77 A.3d 651, 663 (Pa. Super. Ct. 2013) (same).

Here, in count three of the *original* complaint, Ms. Gorton and Mr. Gorton alleged that defendants were negligent and caused Mr. Gorton to contract mesothelioma. The amended complaint, which was filed after Mr. Gorton passed away, contains survival claims, which are the same claims asserted by Mr. Gorton in the original complaint, Ms. Gorton's claims set forth in the original complaint, *and* a new wrongful death claim asserted by Ms. Gorton based upon her husband's death. Based upon the foregoing, the court concludes that the amended complaint contained a *new claim*.

filed a second amended complaint. (ECF No. 422.) The second amended complaint included amendments with respect to defendants in this case other than Gardner Denver and not relevant to the motion currently pending before this court. Gardner Denver did not file an answer to the second amended complaint.

Other defendants engaged in expert discovery and the court held a hearing pursuant to Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993). On April 11, 2022, Gardner Denver filed the pending motion for summary judgment, brief in support of the motion, and a concise statement of material fact. (ECF Nos. 569, 570.) On May 6, 2022, Mrs. Gorton filed a responsive statement of facts and brief in opposition to the motion for summary judgment. (ECF Nos. 575, 576.) On May 20, 2022, Gardner Denver filed a reply brief in support of its motion for summary judgment and a reply statement of facts. (ECF No. 577.) On May 31, 2022, Gardner Denver filed the parties' Combined Concise Statement of Material Fact ("CCSMF"). (ECF No. 582.)

The motion for summary judgment having been fully briefed is now ripe for disposition by the court.

### III.  Standard of Review

The dispositive issue raised by Gardner Denver in its "motion for summary judgment" is whether this court has subject-matter jurisdiction over the claims asserted against Gardner Denver.  Federal Rule of Civil Procedure 12(b)(1) governs motions to dismiss for lack of subject-matter jurisdiction. "A party may raise the lack of subject[-]matter jurisdiction at any time; it cannot be waived." Medtronic Ave, Inc. v. Bos. Sci. Corp., No. CIV. 98-478-SLR, 2004 WL 769365, at *2 (D. Del. Apr. 5, 2004) (citing FED. R. CIV. P. 12(h)(3)).

Jurisdictional challenges raised under Rule 12(b)(1) may be treated as either "facial" or as "factual." Constitution Party of Pa. v. Aichele, 757 F.3d 347, 357 (3d Cir. 2014). A facial attack asserts that a claim "is insufficient to invoke the subject matter jurisdiction of the court because, for example, it does not present a question of federal law, or because there is no indication of a diversity of citizenship among the parties, or because some other jurisdictional defect is present." Id. at 358. A facial attack "can occur before the moving party has filed an answer or otherwise contested the factual allegations of the complaint." Id. (citation omitted). On the other hand, a factual challenge "attacks the factual allegations underlying the complaint's assertion of jurisdiction, either through the filing of an answer or 'otherwise present[ing] competing facts.' " Davis v. Wells Fargo, 824 F.3d 333, 346 (3d Cir. 2016) (quoting Constitution Party of Pa., 757 F.3d at 358).

One treatise has explained:

> If…[the Rule 12(b)(1) motion] simply challenges the sufficiency of the Rule 8(a)(1) allegations of subject matter jurisdiction, then the pleading's contents are taken as true by the trial judge for purposes of the motion. However, if it challenges the actual existence of the district court's subject matter jurisdiction, then the pleading's allegations are merely evidence on the issue. Since the party invoking the federal district court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction regardless of the pleading's allegations,…the courts have held that the pleader must establish jurisdiction with evidence from other sources, such as affidavits or depositions….
>
> The general rule, therefore, is that a pleading's allegations of subject matter jurisdiction are taken as true unless denied or controverted by the movant. Thus, if the movant fails to contradict the pleader's allegation of subject matter jurisdiction on a motion to dismiss under Rule 12(b)(1), then the movant is presumed to be challenging the pleading's sufficiency under Rule 8(a)(1), and the allegations of the pleading pertaining to subject matter jurisdiction are taken as true…. But if the movant, either in its motion or in any supporting materials, denies or controverts the pleader's allegations of subject matter jurisdiction, then numerous courts have held that the movant is deemed to be challenging the actual existence of subject matter jurisdiction, and, as many of those courts have held, the allegations of the complaint are not controlling.

5C ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1363 (3d ed.).

Here, Gardner Denver challenges the actual existence of this court's subject-matter jurisdiction, i.e., Gardner Denver asserts a factual attack on the court's subject-matter jurisdiction. Under those circumstances, Mrs. Gorton has the burden of proving this court has subject-matter jurisdiction over the claims she asserted against Gardner Denver. Genentech, Inc. v. Amgen Inc., 310 F. Supp. 3d 467, 469 (D. Del. 2018) (citing Lincoln Ben. Life Co. v. AEI Life, LLC, 800 F.3d 99, 105 (3d Cir. 2015)).

### IV.   Discussion

Article III, § 2, of the United States Constitution restricts the federal "judicial Power" to the resolution of "Cases" and "Controversies." U.S. Const. art. III, § 2. Federal courts enforce the case-or-controversy requirement through various justiciability doctrines, including standing, ripeness, mootness, and the prohibition on advisory opinions. Toll Bros., Inc. v. Twp. of Readington, 555 F.3d 131, 137 (3d Cir.2009). These doctrines recognize that Article III requires "antagonism" between the parties and "concreteness" of the dispute between them. State of New Jersey, Dept. of Envtl. Prot. and Energy v. Heldor Indus., Inc., 989 F.2d 702, 706 (3d Cir. 1993). "Whether a particular action satisfies the jurisdictional requirement of a case or controversy presents a question of federal law." J.J. Smith & Co., Ltd. v. Carpenter's Mach. Co., No. CIV. A. 93-4745, 1994 WL 108883, at *2 (E.D. Pa. Mar. 30, 1994).

When a case is dismissed against a defendant in its entirety, whether by court order or pursuant to Rule 41(a)(1)(A), the district court is left "without a live Article III case or controversy between the plaintiff and defendant." In re Brewer, 863 F.3d 861, 869 (D.C. Cir. 2017) (citing Catlin v. United States, 324 U.S. 229, 233 (1945)); Gourmet Gallery Havensight, Inc. v. Certain Underwriters at Lloyd's, London, No. CV 2018-88, 2020 WL 1821017, at *4 (D.V.I. Apr. 10, 2020). "The absence of a live controversy…deprives the district court of

continuing jurisdiction" over the case. Id. Indeed, "[a]bsent a case or controversy, a court lacks subject[-]matter jurisdiction." Smith v. Pilgrim Ins. Grp., No. CIV.A. 86-1212, 1987 WL 13682, at *1 (E.D. Pa. July 10, 1987).

At issue in this case is whether Mrs. Gorton dismissed her claims against Gardner Denver pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i), and, therefore, this court is without subject-matter jurisdiction over the claims Mrs. Gorton asserted against Gardner Denver. Rule 41(a)(1)(A)(i) provides:

> **(a) Voluntary Dismissal.**
>
> *(1) By the Plaintiff.*
>
>> **(A)** *Without a Court Order*. Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:
>>
>>> **(i)** a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or
>>>
>>> **(ii)** a stipulation of dismissal signed by all parties who have appeared.
>>
>> **(B)** *Effect*. Unless the notice or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.

FED. R. CIV. P. 41(a)(1). "The Third Circuit [Court of Appeals] has recognized that 'Rule 41(a) provides a mechanism for a plaintiff to voluntarily dismiss an entire lawsuit, and…also recognizes that the rule allows a party to voluntarily dismiss all of its claims against a particular party.'" Dr. & the Professor, LLC v. Those Certain Underwriters at Lloyds of London Participating in Brit Glob. Syndicate No. 2987, No. CV 2019-0004, 2022 WL 4235249, at *2 (D.V.I. Sept. 13, 2022) (quoting Noga v. Fulton Fin. Corp. Emp. Benefit Plan, 19 F.4th 264, 271 n.3 (3d Cir. 2021)). With one exception not applicable to this case, "[a] timely notice of

voluntary dismissal [pursuant to Rule 41(a)(1)(A)(i)] is without prejudice." In re Bath & Kitchen Fixtures Antitrust Litig., 535 F.3d 161, 164 (3d Cir. 2008) (citing FED. R. CIV. P. 41(a)(1)(B)).

The Third Circuit Court of Appeals has recognized "three key aspects" of Rule 41(a)(1)(A)(i):

> First, a filing under the Rule is a notice, not a motion. Its effect is automatic: the defendant does not file a response, and no order of the district court is needed to end the action…Second, the notice results in a dismissal without prejudice (unless it states otherwise), as long as the plaintiff has never dismissed an action based on or including the same claim in a prior case. Third, the defendant has only two options for cutting off the plaintiff's right to end the case by notice: serving on the plaintiff an answer or a motion for summary judgment.

In re Bath, 535 F.3d at 165. The court of appeals in In re Bath further explained:

> Rule [41] "affixes a bright-line test to limit the right of dismissal to the early stages of litigation," Manze, 817 F.2d at 1065, which "simplifies the court's task by telling it whether a suit has reached the point of no return. If the defendant has served either an answer or a summary judgment motion it has; if the defendant has served neither, it has not." Id. (quoting Winterland Concessions Co. v. Smith, 706 F.2d 793, 795 (7th Cir.1983)). Up to the "point of no return," dismissal is automatic and immediate—the right of a plaintiff is "unfettered," Carter v. United States, 547 F.2d 258, 259 (5th Cir.1977). A timely notice of voluntary dismissal invites no response from the district court and permits no interference by it. See Marex Titanic, Inc. v. Wrecked & Abandoned Vessel, 2 F.3d 544, 545, 547–48 (4th Cir.1993) (district court may not vacate a timely filed notice of dismissal); Am. Cyanamid Co. v. McGhee, 317 F.2d 295, 297 (5th Cir.1963) ("[The notice] itself closes the file. There is nothing the defendant can do to fan the ashes of that action into life and the court has no role to play. This is a matter of right running to the plaintiff and may not be extinguished or circumscribed by adversary or court."). A proper notice deprives the district court of jurisdiction to decide the merits of the case….See Manze, 817 F.2d at 1065–66 (district court may not decide defendant's motion to dismiss after plaintiff's effective Rule 41(a)(1)(A)(i) notice); 8 James Wm. Moore et al., Moore's Federal Practice § 41.33[6][e] (3d ed. 2008) ("A defendant's motion for entry of a final judgment under Rule 54(b) should be denied if the action has already been dismissed by notice."); 9 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure: Civ.3d § 2367, at 559–61 (3d ed. 2008) ("After the dismissal, the action no longer is pending in the district court and no further proceedings in the action are proper.").

Id. at 165–66.

Based upon the foregoing, it is clear that Rule 41(a)(1)(A)(i) has two main requirements: (1) the plaintiff file a notice of dismissal; and (2) the notice of dismissal is filed before the defendant files an answer or a motion for summary judgment. Those two requirements are easily satisfied in this case with respect to Gardner Denver. On October 19, 2018—before Gardner Denver filed an answer or its motion for summary judgment—Mrs. Gorton filed a "Letter from Plaintiff *regarding voluntary dismissals*," which provided, among other things, that Gardner Denver was dismissed from this case or that Mrs. Gorton agreed to dismiss Gardner Denver from this case. (ECF No. 322 at 1.)

Mrs. Gorton argues that the "Letter from Plaintiff *regarding voluntary dismissals*" is not a *notice of dismissal* as contemplated by Rule 41(a)(1)(A)(i). Courts that have considered whether a filing or act by a plaintiff satisfies the filing requirements of Rule 41(a)(1)(A)(i) or (a)(1)(A)(ii) consider whether the filing is "clear" or "unambiguous." Kabbaj v. Am. Sch. of Tangier, 445 F. App'x 541, 544 (3d Cir. 2011) (considering whether the parties entered into a "clear and unambiguous" joint stipulation of voluntary dismissal under Rule 41(a)(1)(A)(ii)); Brackeen v. United States, No. 3:19-CV-176-M-BN, 2019 WL 4060437, at *2 (N.D. Tex. July 29, 2019), report and recommendation adopted, No. 3:19-CV-176-M, 2019 WL 4054927 (N.D. Tex. Aug. 28, 2019) (explaining that "an unambiguous Rule 41(a)(1)(A)(i) notice divests the Court of jurisdiction"). Here, the "Letter from Plaintiff *regarding voluntary dismissals*" was clear and unambiguous that Mrs. Gorton dismissed or reached an agreement to dismiss her claims against Gardner Denver in this case. Under those circumstances, the "Letter from Plaintiff *regarding voluntary dismissals*—which was filed prior to Gardner Denver filing an answer or motion for summary judgment—satisfied the requirements of Rule 41(a)(1)(A)(i) and constituted a "notice of dismissal."

As discussed above, once a notice of dismissal is filed pursuant to Rule 41(a)(1)(A)(i), the dismissal of the case is automatic and immediate; indeed, the case is deemed dismissed without any further action by the parties or the district court. Once a plaintiff files the notice pursuant to Rule 41(a)(1)(A), the district court is deprived of subject-matter jurisdiction[2] to decide the merits of the case because there is no "case or controversy" pending before the court as required for federal jurisdiction by Article III of the United States Constitution. Mills v. City of Phila., No. CV 21-273, 2022 WL 4389518, at *5 (E.D. Pa. Sept. 22, 2022) ("If there is no case or controversy at issue, the Court does not have jurisdiction.") (citing Hamilton v. Bromley, 862 F.3d 329, 337 (3d Cir. 2017)). Once Mrs. Gorton filed the notice of dismissal, i.e., the "Letter from Plaintiff *regarding voluntary dismissals*," her case against Gardner Denver was dismissed and no longer pending before this court. Under those circumstances, there is no case or controversy between Mrs. Gorton and Gardner Denver pending before this court, and this court is without subject-matter jurisdiction to decide the substantive issues raised in Gardner Denver's motion for summary judgment.

Mrs. Gorton argues, however, that her agreement with Gardner Denver to dismiss the case against Gardner Denver was not "consummated" because they did not file a stipulation of dismissal with the court. A stipulation of dismissal signed by all parties who have appeared in the case, however, is only required if the defendant has filed an answer or a motion for summary judgment in the case, pursuant to Rule 41(a)(1)(A)(ii). As discussed above, Gardner Denver did not file an answer or its motion for summary judgment at the time Mrs. Gorton filed the notice of

---

[2] The Third Circuit Court of Appeals has clarified that "[a] district court retains jurisdiction to decide 'collateral' issues—such as sanctions, costs, and attorneys' fees—after a plaintiff dismisses an action by notice." In re Bath & Kitchen Fixtures Antitrust Litig., 535 F.3d 161, 166 n.8 (3d Cir. 2008).

11

dismissal, i.e., the "Letter from Plaintiff *regarding voluntary dismissals*." Under those circumstances, Mrs. Gorton was only required to file a notice of dismissal on the court's docket to effectuate the dismissal of the case without prejudice against Gardner Denver, pursuant to Rule 41(a)(1)(A)(i).

At the hearing on October 16, 2018, the court ordered Mrs. Gorton to file a notice listing all defendants that it intended to dismiss from the case and any stipulations of dismissal with respect to those defendants on or before November 6, 2018. The court's instructions with respect to the filing of stipulations of dismissals do not render Mrs. Gorton's notice of dismissal ineffective for two reasons. First, as of October 16, 2018, there were defendants remaining in the case that had already filed answers to Mrs. Gorton's complaints. Under those circumstances, those defendants could only be voluntarily dismissed from the case by Mrs. Gorton via the filing of "a stipulation of dismissal signed by all parties who have appeared[,]" pursuant to Rule 41(a)(1)(A)(ii). Thus, the court's instructions with respect to the stipulations of dismissal were applicable to those defendants and did not change the automatic nature of the notice of dismissal filed by Mrs. Gorton with respect to her case against Gardner Denver. Second, a court cannot condition a plaintiff's voluntary dismissal of a defendant under Rule 41(a)(1)(A)(i). 9 ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 2363 (4th ed.) ("[D]istrict judge may not impose conditions" on the plaintiff's voluntary dismissal of its case under Rule 41(a)(1)(A)(i).) (citing decisions). For example, this court could not condition Mrs. Gorton's voluntary dismissal of its case against Gardner Denver on Mrs. Gorton filing a stipulation of dismissal with respect to Gardner Denver after she filed the notice of dismissal, pursuant to Rule 41(a)(1)(A)(i). Based upon the foregoing, Mrs. Gorton's argument that her agreement to dismiss Gardner Denver from this case was not "consummated" by the filing of a stipulation of dismissal is unavailing.

Mrs. Gorton also argues that Gardner Denver acted in bad faith when it agreed to the dismissal of Mrs. Gorton's case against it while knowing that its allegedly asbestos-containing products were onboard the USS Blue during the time in which Mr. Gorton worked onboard the ship for the United States Navy. This case was automatically dismissed against Gardner Denver when Mrs. Gorton filed the "Letter from Plaintiff *regarding voluntary dismissals*," and, therefore, this court is without subject-matter jurisdiction to consider the merits of the case. To determine whether Gardner Denver acted in bad faith by agreeing to a voluntary dismissal when it allegedly knew its products were onboard the USS Blue may be raised in another lawsuit. Those issues, however, cannot be addressed in this case because this court is without subject-matter jurisdiction over claims Mrs. Gorton asserted against Gardner Denver in the complaints filed in this case.

Lastly, Mrs. Gorton argues that to the extent the case was voluntarily dismissed against Gardner Denver, the dismissal was without prejudice, and, therefore, the court should permit the case to proceed against Gardner Denver. Mrs. Gorton's argument, however, ignores the effect of Mrs. Gorton filing the "Letter from Plaintiff *regarding voluntary dismissals*" in accordance with Rule 41(a)(1)(A)(i), which was to automatically dismiss Mrs. Gorton's case against Gardner Denver. Mrs. Gorton is correct that the dismissal of her claims against Gardner Denver was without prejudice. Under those circumstances, Mrs. Gorton could file another lawsuit[3] against

---

[3] The court takes no position about the effect of any applicable statute of limitations or the equitable tolling doctrine. See Brennan v. Kulick, 407 F.3d 603, 606 (3d Cir. 2005); Ahmed v. Dragovich, 297 F.3d 201, 207 (3d Cir. 2002).

Gardner Denver. Mrs. Gorton, however, did not file a separate lawsuit. She has no claims against Gardner Denver pending before this court.[4]

---

[4] One district court has held that a plaintiff's continued litigation of a case after it files a notice of dismissal under Rule 41(a)(1)(A)(i) may constitute a revocation of its voluntary dismissal of the case. Halloum v. Wells Fargo Home Mortgage, Civ. A. No. 18-4276, 2020 WL 836677, at *5 (N.D. Cal. Feb. 20, 2020). As discussed above, however, the Third Circuit Court of Appeals has explained that the dismissal of a plaintiff's suit against a defendant is *automatic* once the plaintiff files the notice of dismissal. In re Bath, 535 F.3d at 165. Mrs. Gorton has not argued that she revoked her notice of dismissal in this case or pointed to any controlling caselaw to show that the Third Circuit Court of Appeals would recognize the revocation of a notice of dismissal made pursuant to Rule 41(a)(1)(A)(i) when a plaintiff continues to litigate the case. Mrs. Gorton's filing of the "Letter from Plaintiff *regarding voluntary dismissals*" automatically dismissed her claims against Gardner Denver. To the extent Mrs. Gorton wanted to reassert those claims against Gardner Denver, she could have refiled the lawsuit against Gardner Denver. Once a defendant is voluntarily dismissed, the court lacks subject-matter jurisdiction over the prior claims asserted against the defendant and cannot resolve any merit-based motions.

Even if the Third Circuit Court of Appeals adopted the rationale of Halloum, that case is clearly distinguishable from this case. In Halloum, the pro se plaintiffs—in a prior adversary proceeding filed in bankruptcy court—filed a notice of dismissal of their claims against the defendants. The plaintiffs, however, continued litigating the adversary proceeding and the bankruptcy court entered an order dismissing the adversary proceeding *with* prejudice. The district court noted that the plaintiffs in the adversary proceeding kept litigating that matter; for example, ten days after filing the notice of dismissal they filed a motion for reconsideration, they filed a notice of appeal, and they filed a motion to withdraw their appeal because they wanted another court to hear their appeal. Id. Under those circumstances, i.e., where the plaintiffs filed a separate lawsuit in a district court asserting the same claims they voluntarily dismissed in an adversary proceeding, the district court concluded—without citation to authority—that the plaintiffs' inconsistent conduct revoked the voluntary dismissal and the bankruptcy court had jurisdiction to dismiss the adversary proceeding with prejudice. Id.

Here, Mrs. Gorton filed the notice of voluntary dismissal on October 19, 2018. Mrs. Gorton did not point to any evidence of record to show that she continued to litigate this case specifically against Gardner Denver after that point; rather, Mrs. Gorton argues that in the first instance she did not voluntarily dismiss this case because Gardner Denver and she never signed a stipulation of dismissal filed with the court. As discussed above, however, a signed stipulation of dismissal is not required under Rule 41(a)(1)(A)(i). Mrs. Gorton's disagreement with Gardner Denver about whether the "Letter from Plaintiff *regarding voluntary dismissals*" constituted a notice of dismissal under Rule 41(a)(1)(A)(i) which automatically dismissed this case against Gardner Denver stands in stark contrast to the activity and filings made by the plaintiff in Halloum that court found constituted a revocation of the notice of dismissal. Thus, even if Halloum was correctly decided and persuasive authority before this court, it is distinguishable from this case and not a basis upon which to find Mrs. Gorton did not voluntarily dismiss this case against Gardner Denver. Here, this court lacks subject-matter jurisdiction over the voluntarily dismissed claims asserted against Gardner Denver.

Based upon the foregoing, Gardner Denver's motion for summary judgment, which is construed in part as a motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1), will be granted because there is no case or controversy between the parties currently pending before this court, and, therefore, this court is without subject-matter jurisdiction over the claims Mrs. Gorton asserted against Gardner Denver in this case. The motion for summary judgment to the extent it raises issues under Rule 56, will be denied in all other respects because this court is without subject-matter jurisdiction over the merits of this case.

V.     **Conclusion**

Mrs. Gorton filed a notice of dismissal of her claims against Gardner Denver, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). Upon that filing, her claims against Gardner Denver were automatically dismissed from this case. This court is, therefore, without subject-matter jurisdiction to consider the merits of the claims Mrs. Gorton asserted against Gardner Denver in this case because there is no case or controversy between Mrs. Gorton and Gardner Denver pending before this court. For the reasons set forth in this opinion, Gardner Denver's motion for summary judgment  (ECF No. 569) to the extent it is construed in part as a motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1) will be granted, and the motion for summary judgment will be denied in all other respects. An appropriate order will be entered.

**BY THE COURT**,

Dated: October 13, 2022

**/s/ JOY FLOWERS CONTI**
Joy Flowers Conti
Senior United States District Court Judge